RORICK v. RAILWAY OFFICIALS' & EMPLOYEES' ACC. ASS'N.

(Circuit Court of Appeals, Ninth Circuit. October 27, 1902.)

No. 818.

1. ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—NOTICE OF ACCIDENT.

An accident policy, insuring only against "physical bodily injury resulting in disability or death," contained a provision that "notice of the accident causing the disability or death shall be given in writing * * * within 15 days from the date of the accident causing the disability or death, * * * and failure to give such notice within said time shall render void all claims under this policy." Held, that under such policy the time for giving notice did not commence to run until either disability or death resulted from an injury, until which time there was no "accident causing disability or death," which brought the case within its terms, and that where an insured received a blow on the head which did not cause disability at the time, and was regarded as a trivial injury, but which resulted a few days later in both disability and death,

a notice given four days after his death and within 10 days after his disability was in time.

**2. SAME—ACCIDENT PRODUCING DEATH—IMMEDIATE DISABILITY.**

An accident policy provided that the insurance thereunder should "extend only to physical bodily injury resulting in disability or death, * * * effected * * * solely by reason of and through external, violent, and accidental means, * * * which shall, independently of all other causes, immediately, wholly, totally, and continuously from the date of the accident causing the injury disable the insured, and prevent him from doing and performing any work," etc. It further provided that there should be no liability for more than one of the losses specified, on payment for any one of which the policy should terminate, and the first loss specified was "loss of life occurring within 90 days from the date of the accident causing the fatal injury." *Held*, that such provisions could not be construed to exempt the insurer from liability for death resulting from an accidental injury within 90 days, because such accident did not produce "immediate, total, and continuous" disability.

Gilbert, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of California.

Hunter & Summerfield and Works, Lee & Works, for plaintiff in error.

George E. Otis, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The plaintiff in error, who was plaintiff in the court below, is the beneficiary named in an accident policy of insurance issued by the defendant in error upon the life of the husband of the plaintiff in error, David G. Rorick, by occupation a passenger train conductor, insuring him against "physical bodily injury resulting in disability or death, as hereinafter (in the policy) expressed, and which shall be effected while this contract is in force, solely by reason of and through external, violent, and accidental means, within the terms and conditions of this contract, and which shall, independently of all other causes, immediately, wholly, totally, and continuously, from the date of the accident causing the injury, disable the insured, and prevent him from doing or performing any work, labor, business, or service, or any part thereof, within the conditions of this contract." The policy also declares that "no liability by reason of any accident is assumed for more than one of the losses below specified; and payment for any one of such losses shall immediately terminate this policy and all liability hereunder." This latter clause is followed by an enumeration of injuries that are covered by the insurance, the first of which is "loss of life occurring within ninety days from the date of the accident causing the bodily injury"; and a subsequent provision declares that, "should death result solely from such physical bodily injury within the conditions of this contract, said association will pay at its home office, as provided herein, the principal sum of five thousand dollars to wife, Issola Rorick, if living,

¶ 2. Risks and causes of loss under accident insurance policies, see note to Society v. Dolph, 38 C. C. A. 3.

otherwise to the legal representatives of the insured.". This latter clause is the only one contained in the policy giving any right to the plaintiff in error. Among its provisions is one in respect to notice, as follows:

"Notice of the accident causing the disability or death shall be given in writing, addressed to the association, at Indianapolis, Indiana, within fifteen days from the date of the accident causing the disability or death, stating the name, occupation, and address of the insured, with date and full particulars of the accident causing the disability or death, and causes thereof; and failure to give such notice within said time shall render void all claims under this policy."

It is also declared therein that "all the terms and conditions of this contract are conditions precedent."

It appears from the second amended complaint of the plaintiff in error, to which a demurrer interposed by the defendant insurance company was sustained by the court below, that between the 11th and 14th days of March, 1900, and while the policy was in full force, the insured received bodily injury, to wit, "traumatic injury of the cranium, at the vortex thereof, which, independently of all other causes, produced and caused his death within ninety days thereafter, to wit, on the 26th day of March, 1900, at the county of San Bernardino, state of California; that the said injury was effected solely by reason of and through external, violent, and accidental means within the terms and conditions of said policy." The plaintiff in her second amended complaint also alleged that the injury to her husband occurred while he was acting as conductor of a passenger train of the Atchison, Topeka & Santa Fé Railway Company, and was caused by his raising his head and thereby striking a bolt or other iron in a railway car; that the injury was at the time supposed to be trivial, and not such as did or would result in either his disability or death; that there was no visible or outward sign of injury resulting from the accident, and that the deceased, notwithstanding it, continued thereafter for six days to perform his duties as such conductor; that he suffered severe pains in the head, which increased in violence until his death, and that on the 20th day of March, 1900, he did, as a direct and proximate result of his said injury, become insane, which condition continued until his death; that on the 21st day of March, 1900, physicians were called, and found the insured suffering as aforesaid, and pronounced his disease acute neuralgia; that neither the deceased nor the plaintiff in error knew or believed, and had no reason to believe, that his sickness or suffering was caused by the accident, nor did the attending physicians of the deceased attribute the same to the injury so received by him; that the fact that the death of the deceased was caused by the injury mentioned was first discovered by and as the result of an autopsy held by the physicians immediately after the death of the insured; that within four days after said discovery the plaintiff in error notified the defendant insurance company of the injury and consequent death of the insured, as required by the provisions of the policy; and a compliance with all of its other provisions is also alleged.

It will be observed that according to the averments of the complaint, the defendant company was not notified of the accident within 15 days

from the time the insured is alleged to have struck his head, and it was upon that ground that the court below sustained the demurrer, saying in its opinion:

"The notice agreed upon, it will be observed, is a notice of the accident, and the time allowed for giving it, 'within fifteen days,' runs from the date of the accident. These provisions, unlike corresponding provisions of the policies sued on in some of the cases cited by plaintiff, are neither obscure nor ambiguous, but clear and imperative. Nor does the notice belong to that class which courts decline to enforce because of unreasonableness, such as notices of disability or death, where the contingency happens after the limitation has expired. In a case such as those last mentioned it may well be held that notice within the time specified, being impossible, was not contemplated by the parties to the contract. The alleged insanity of the insured, whatever might have been its effect as an excuse for his failure to give the prescribed notice, had he survived and himself sued to recover damages resulting from his own disability, is not available in the present action for the purpose indicated, for the reason that the plaintiff herself should have given the notice."

It must be remembered that it was not every accident that was insured against, but only such as should result in the disability or death of the assured. Until one or the other of those things happened as a result of the striking of the head of the deceased, there was no accident to him within the terms of the policy in suit, and therefore nothing for which the insurer was required to be notified. Within 15 days of the disability of the deceased resulting from the striking of his head, and within 4 days after the autopsy upon his body disclosed the cause of his death, the plaintiff, according to the averments of the complaint, gave the notice specified in the policy. The accident covered by the policy was not complete until the hurt resulted in the disability or death of the insured; and, according to the averments of the complaint, both his disability and death occurred less than 15 days prior to the giving of the notice.

We do not understand counsel for the defendant in error to contend that under the policy in suit no liability for the death of the insured arose because the striking of his head against the bolt was not productive of immediate, total, and continuous disability. The suggestion of our Brother GILBERT, in his dissenting opinion, that that is the plain meaning of the contract of insurance, calls for a further reference to the policy. So far as pertinent to the suggestion, the policy is as follows:

"The insurance under this policy shall extend only to physical bodily injury resulting in disability or death, as hereinafter expressed, and which shall be effected, while this contract is in force, solely by reason of and through external, violent, and accidental means, within the terms and conditions of this contract, and which shall, independently of all other causes, immediately, wholly, totally, and continuously from the date of the accident causing the injury disable the insured, and prevent him from doing or performing any work, labor, business, or service, or any part thereof, within the conditions of this contract. No liability by reason of any accident is assumed for more than one of the losses below specified, and payment for any one of such losses shall immediately terminate this policy and all liability hereunder.

"Accidental Injuries Insured Against, Subject to the Definitions and Conditions Below, and Payments Therefor. (1) Loss of life, occurring within ninety days from the date of the accident causing the fatal injury. (2) Loss of both hands, occurring within ninety days from the date of the accident

causing the injury.  (3) Loss of both feet, occurring within ninety days from the date of the accident causing the injury.  (4) Loss of one hand and one foot, occurring within ninety days from the date of the accident causing the injury.  (5) Loss of both eyes (meaning absolute, total, and permanent blindness, and provided the insured possessed the sight of both eyes at the date of the injury), caused by one accident and within ninety days of the accident causing the injury.  (6) Immediate, continuous, and total disability for life, caused by one accident.  (7) Loss of either foot or either hand, occurring within ninety days from the date of the accident causing the injury.  (8) Loss of one eye (meaning absolute, total, and permanent blindness), occurring within ninety days from the date of the accident causing the injury.  (9) Loss of time, per week, for a term not exceeding 104 consecutive weeks, when immediately, continuously, and wholly disabled.  The payment for loss under provisions 1, 2, 3, 4, and 5, above specified, shall be the full principal sum named herein.  The payments for loss under provisions 6 and 7, above specified, shall be one-half of the principal sum named herein.  The payment for loss under provision 8, above specified, shall be one-fourth of the principal sum named herein.  The payment for loss of time, under provision 9, above specified, shall be at the rate of twenty-five dollars per week, not to exceed his average weekly wages, payable as hereinafter provided.  Neither the insured nor his beneficiary shall be entitled to indemnity under any of the provisions 1 to 8, inclusive, above specified, for any injury received while the insured is claiming or receiving indemnity under provision 9 of this policy.  Should death result solely from such physical bodily injury, within the conditions of this contract, said association will pay, at its home office, as provided herein, the principal sum of five thousand dollars to wife, Issola Rorick, if living, otherwise to the legal representatives of the insured.

"Definitions and Conditions.  (Subject to the following provisions hereof this policy is noncontestable, also nonforfeitable, as to any change of occupation.)  *  *  *  By loss of hand or hands, or a foot or feet, is meant the actual severance of the hand or hands, foot or feet, above the wrist or ankle.  By total disability for life is meant immediate, continuous, total inability to perform any and every kind of labor or work, whereby the insured might obtain a livelihood; and no claim for such disability shall arise until it shall have immediately and continuously existed for a period of two years from the date of the accident causing such disability.  By wholly disabled is meant immediate, continuous, total inability to perform any work, labor, business, or service, or any part thereof, from the date of the accident causing the injury.  If any injury resulting in rupture, or hernia, shall cause disability or death, entitling the insured or his beneficiaries to claim indemnity of this policy, or if any injury entitling insured or his beneficiaries to claim indemnity under this policy be caused or contributed to, by contract [contact] with poisonous substances, or by handling or using dynamite or other explosives, or by being engaged in gymnastic or athletic sports, or by exposure to unnecessary danger or perilous venture (except in an effort to save human life), whether the insured did or did not anticipate injury or death to result from such exposure or perilous venture, or by sunstroke or freezing, or by gas or poison in any form or manner, or by anything leaving no external or visible mark of contusion or wound upon the body sufficient to cause death (drowning only excepted), and it shall appear by an autopsy that such injury contributed to the death of the insured, then, in each and every such case, the limit of the association's liability shall be one-fourth of the sum otherwise payable, anything to the contrary herein notwithstanding.  If any injury causing disability or death, entitling the insured to claim benefits under the provisions of this policy, be caused or contributed to by quarreling, or by fighting, or by the intentional act of any person other than the insured, or by the act of any person who at the time was insane, or by the sting or bite of a spider, bug, or insect, or by the use of intoxicants or narcotics, or by war or riot, or by any surgical operation of any medical, dental, or mechanical treatment, except by amputation rendered necessary by an accidental injury and made within ninety days from the date of the event causing the injury, then, in each and every such case, the limit of the association's liability shall be one hundred dollars for fatal injury, or the gross sum of

ten dollars for nonfatal injury, anything to the contrary herein notwithstanding.

. "Increase of Hazard. If the injured be fatally or nonfatally injured, within the intent and meaning of this policy, while engaged, temporarily or otherwise, in any occupation or work or risk classified by this association as more hazardous than that under which this policy is issued, or while doing any part of the work of any one so classified, or while exposed to any risk classified by this association as more hazardous than that under which this policy is issued, then, in such case, the association's liability shall not exceed such an amount as the premiums paid will purchase for such more hazardous occupation or work or risk, according to the classification of risks and premium rates and limits of this association. The classification of risks of this association is hereby made a part of this contract. If the insured be injured fatally or nonfatally while engaged, temporarily or otherwise, in any occupation.or work or risk not classified by this association, this association's liability shall be rated upon the basis of the most hazardous occupation or work or risk mentioned in the classification of risks of this association: provided, however, if the insured shall have made an extra payment for extra weekly indemnity, such extra payment shall be excluded in ascertaining the amount due as benefits under provisions 1 to 8, inclusive, of this policy, if he be killed or sustain any of the losses enumerated in said provisions in a more hazardous occupation or work or risk than that named in this policy. The death of the insured shall immediately terminate all liability under this policy under provision 9 hereof; and in no case shall the insured be entitled to recover for more than a total of 104 weeks hereunder. Upon the payment of the sum insured under the provisions 1, 2, 3, 4, 5, 6, 7, and 8 hereof, all further liability of the association shall immediately cease, and this policy be thereby terminated."

It is thus seen that throughout the policy the insurance contracted for · was against physical bodily injury "resulting in disability or death." Varying provisions are made for compensation in the event of the loss of certain members of the body within 90 days from the date of the accident causing the injury, and other and different provisions in the case of total, immediate, and continuous ·disability. Naturally, the first of those various injuries covered by the insurance (being the most serious) is "loss of life, occurring within ninety days from the date of the accident causing the fatal injury." There is here no provision or suggestion that "loss of life, occurring within ninety days from the date of the accident causing the fatal injury," is not insured against, unless the injury also causes "total, immediate, and continuous disability." The necessary effect of reading into the policy by construction such a limitation would be to make it mean that the insurer assumed no risk on account of the death of the insured, unless the fatal injury also "immediately, continuously, and totally" disabled him; in other words, that under the policy in suit there must be both death "and" disability before any liability for death can arise. Yet the contract in express terms declares that the insurance shall extend to physical injury resulting in either disability "or" death. Moreover, it would be contrary to a thoroughly and well settled rule to read by judicial construction into a policy prepared by the insurer a limitation in its favor and against the insured, especially when to do so would exonerate it from a loss for which it in express terms contracted to pay.

We are of the opinion that the notice alleged to have been given by the plaintiff in error was in time, and accordingly the judgment is reversed, and the cause remanded to the court below, with directions

to overrule the demurrer to the second amended complaint, with leave to the defendant thereto to answer.

GILBERT, Circuit Judge (dissenting).    Did the accident occur on the date when the insured received the injury to his head, or did it occur later, when he became disabled as a result of that injury?    I submit that in all cases of accident insurance the accident insured against is the occurrence of the bodily injury "through external, violent, and accidental means," which becomes the cause of the death or disability of the insured, and that the accident in this case occurred when the insured received the blow whch in its subsequent development produced disability, insanity, and death.    After such an injury is inflicted, it cannot be said, with any due regard to the meaning of the language employed in the policy, that the development of the injury or any of its subsequent changing phases may be regarded as the accident which is insured against.    The date when the insured in this case became disabled by reason of the suffering in his head was not the date of his accident.    That disability so developed on that date was not the result of any "external, violent, or accidental means" occurring on that date, but was the natural result and progress of an injury which had occurred six days prior thereto.    Suppose the injury, at first apparently trivial, had gradually and during a period of six days developed into disability; could it be said that such development in any of its stages constituted an accident subsequent to the happening of the injury which was its cause?    It may well be doubted whether the policy of insurance in this cause renders the defendant in error liable for an accident of the nature of that which occurred to the insured.    In the policy it is stipulated as follows:

"The insurance under this policy shall extend only to physical bodily injury resulting in disability or death, as hereinafter expressed, and which shall be effected, while this contract is in force, solely by reason of and through external, violent, and accidental means, within the terms and conditions of this contract, and which shall, independently of all other causes, immediately, wholly, totally, and continuously, from the date of the accident causing the injury, disable the insured, and prevent him from doing or performing any work, labor, business, or service, or any part thereof, within the conditions of this contract."

The parties to the contract had the right to stipulate that the insurance company would be liable for no accident which did not produce immediate disability.    They might agree that the company would assume no responsibility for an accident which was deemed trivial at the time when it occurred, but which at a subsequent date might develop into disability.    They have used such language in this contract, and have declared as clearly as words could express it that the company assumes no risk whatever for death or disability resulting from an accident which was not productive of immediate and continuous disability or death; and none of the other provisions of the policy, in my judgment, is inconsistent with or operates to modify this plain provision.

But, whatever may have been the liability assumed by the defendant in error, I think it is clear that in this case the notice demanded by the policy was not given.    The required notice was not a notice of

the cause of the disability or death, but a notice of the accident itself, and of its cause. As was stated by the trial court, the exacted notice was not of the class of those which are held void as being unreasonable. The notice not having been given within the stipulated time, I think the defendant in error is absolved from liability.