## UNITED COMMERCIAL TRAVELERS OF AMERICA v. SAIN.

(Circuit Court of Appeals, Sixth Circuit. April 4, 1911.)

### No. 2,077.

1. INSURANCE (§ 789*)—DEATH BENEFITS—NOTICE—CONSTITUTION AND BY-LAWS—INSTRUCTIONS.

The constitution of defendant mutual benefit society provided that within 90 days from the receipt of satisfactory proof of the death of a member in good standing the society would pay to the person entitled thereto a sum not exceeding $5,000, and would also pay to the person entitled thereto the sum of $1,300 in weekly installments of $20 each; the first to be paid within 90 days from the receipt of proof of death. The by-laws declared that in case of an accidental injury notice must be given within 10 days thereafter, containing specified information, and a notice of like character given in like manner and time in case of death or loss resulting from accidental injury, and a failure to give any notice required, or to furnish, within 30 days after the period of immediate, total, continuous disability resulting from accidental injury, or from the date of death or loss resulting therefrom, direct and affirmative proof of such accident and of such disability, death, or loss, shall be deemed a waiver of all claims against the order. *Held*, that such provisions with reference to notice contemplate a distinction between injuries to the member from disability or loss of life or other bodily injury and claims made by the beneficiary in case of the death of the member, and that such beneficiary was therefore not required to give notice of her claim for death or loss until 30 days after the insured's death.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1963–1965; Dec. Dig. § 789.*]

2. INSURANCE (§ 789*)—MUTUAL BENEFIT SOCIETIES—NOTICE OF DEATH—
WAIVER.
By-laws of a mutual benefit society, providing for notice of a death
claim within a specified time after the member's death, are for the
benefit of the society and may be waived.
[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1965; Dec.
Dig. § 789.*]

3. INSURANCE (§ 819*)—MUTUAL BENEFIT SOCIETY—DEATH OF MEMBER—NO-
TICE—WAIVER.
In an action on a mutual benefit certificate, evidence *held* to justify
a verdict finding that defendant company had waived a provision of
its by-laws, requiring notice of death within a specified time.
[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 819.*]

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Action by Mary Lou Sain against the United Commercial Travelers of America. Judgment for plaintiff, and defendant brings error. Affirmed.

Cooke & Swaney and Vorys, Sater, Seymour & Pease, for plaintiff in error.

Spears & Lynch and Williams & Smith, for defendant in error.

Before SEVERENS and KNAPPEN, Circuit Judges.

SEVERENS, Circuit Judge. This was an action brought by the defendant in error, Mary Lou Sain, to recover an amount which she claimed to be due her from the plaintiff in error, on account of the death of her husband, who was a member of the order, and who had made her his beneficiary in case of his death by the terms of his subscription when he became a member. The plaintiff in error is a fraternal beneficiary association incorporated under the laws of Ohio and has its principal office and place of business in the city of Columbus in that state. Under its constitution the supreme authority of the order is vested in a supreme council, subordinate to which are the grand and subordinate councils whose authority is limited to the districts in which they are organized. One of these subordinates, known as "Lookout Council No. 162," is maintained at Chattanooga, Tenn. One of the objects for which the order was organized and of its constitution was the provision and establishment of an indemnity fund which is maintained by assessments upon its members. From this fund its members are indemnified against bodily injuries to the member resulting in disability or loss of limbs or death.

In August, 1903, Charles G. Sain was admitted to membership in the order at Chattanooga, and remained in good standing until his death. He met with an accident at that place on the 3d day of December, 1906, whereby he was thrown with violence upon a roadway from the buggy in which he was riding, by collision with a dray which was passing on the street. He suffered some contusions upon the back of his head and body, but which seemed at the time not to be severe. He continued to work in his customary vocation for nearly 10 days, complaining somewhat of pains in his head and back, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then became suddenly worse, and soon thereafter he became unconscious, and he died on the 20th day of the same month, in consequence, as is claimed, of the injuries so received. Some of the doctors testified that the immediate cause of his death was cerebro-spinal meningitis.

[1] The provision of the constitution of the order upon which the plaintiff founded her right to recover reads as follows:

"If any member of the order (other than a social member) who has paid, when due, all fees, fines, costs, dues and assessments charged or levied against him shall sustain, during the continuance of his membership, and while in good standing, bodily injury effected through external, violent and accidental means, which alone shall occasion death immediately, or within six months from the happening thereof, the Order of United Commercial Travelers of America, within ninety days from the receipt of satisfactory proof of his death, shall pay to the person or persons entitled thereto, a sum not exceeding five thousand ($5,000) dollars, and shall also pay to the person or persons entitled thereto, as aforesaid, the sum of thirteen hundred ($1,300) dollars, in weekly installments of twenty-five ($25) dollars each, the first of such weekly installments to be paid within ninety days from the receipt of such proof of death."

The main controversy in the case is found in the following provisions of the constitution of the order concerning the giving notice to its secretary of the injury or death. This provision is found in section 7 of the constitution and reads as follows:

"In event of any accidental injury on account of which a liability may arise against the order, notice in writing must be sent to the Supreme Secretary within ten days thereafter, stating the full name and address of the injured member, the nature, date, extent and full particulars of his accident, and injury, and the name and address of his medical attendant, and notice of like character shall also be given in like manner and time in case of death or loss resulting from accidental injury.

"Failure to give any notice hereinbefore required, or to furnish, within thirty days from the termination of the period of immediate, total, continuous disability resulting from such accidental injury, or from the date of death or loss resulting therefrom, direct and affirmative proof of such accident and of such disability, death or loss, shall be deemed a waiver of all claims against the order and shall invalidate the same."

The plaintiff in error alleged by plea that the notices required by this provision had not been given, and that in consequence the right of recovery by the defendant in error had been forfeited. Other defenses were made by plea; but, in so far as they concern issues of fact, they are concluded by the verdict of the jury, unless the plea that there was no evidence at all upon the essential grounds of the recovery or some of them can be sustained.

The vital questions in the case therefore arise upon the consideration of the requirements of the constitution in regard to the notices required to be given. It is contended that in a case such as this these several notices must have been given, that is to say, notice in writing to be sent within 10 days after the accident, and then, in case of death, if claim is made on that account, notice of the death and the circumstances must be given within 10 days after the death, and that direct and affirmative proofs of the accident and of the death must also be given within 30 days after the death; and it is insisted that, if any of these notices are omitted, there is a waiver of all claims against the

186 F.—18

order. On the other hand, it is contended by counsel for defendant in error, and as we think correctly, that the notices required have reference to the injury complained of and contemplate a distinction between injuries to the member from disability or loss of life or other bodily injury and claims made by the beneficiary in case of death of the member. This distinction is indicated by the peculiarities of the subject-matter to which the language is to be applied. It is a case for the application of the maxim, "Reddendo singula singulis." Black on Interpretation of Laws, § 66. The first notice was one which was intended to be required in case the insured himself was claiming indemnity for his loss of time by reason of disability and probably also in case of loss of a member of the body, legs, arms or eyes. The other was intended to apply to the case of beneficiaries made such either by express stipulation or from being the representatives of the deceased. In this instance no claim was made for disability on account of the accident or any loss which the deceased might have suffered from the loss of the members of his body; therefore no notice adapted to such a case was necessary.

[3] The question remains whether the beneficiary, the plaintiff in this action, gave the notices required in the case of a claim for death, or, if she did not, whether it was waived by the association. The death occurred, as above stated, on the 20th day of December. On the day of the death or the day after, pursuant to an agreement made between the father of the beneficiary and a Mr. Henry, who was an officer of the local organization and a member of its executive committee, an autopsy was held on the body of the deceased, and Mr. Henry hired Dr. Wise, the local surgeon of the order, to assist in the autopsy. While this was being held, Dr. Wise requested that the body be held until Dr. Taylor, the chief surgeon of the order, could be summoned and arrive to examine the body. This delay was assented to, and Dr. Taylor was notified and came from Columbus to Chattanooga. Dr. Taylor was not only the chief surgeon of the order, but he had charge of the claim department, and it was his duty to receive all notices and to file all claims until they were disposed of. He arrived on Saturday, the 24th day of December. He made a full investigation of the case, was informed by persons who had knowledge of the circumstances, including the medical attendant of the deceased, of all the facts of its history from the time of the occurrence of the accident down to the death and the then conditions. The autopsy was continued in his presence and under his direction. He also employed in behalf of the company several other surgeons to assist at the autopsy. The minutes of the investigation were taken down by a stenographer employed by Dr. Taylor. These minutes were transcribed by the stenographer and were taken by Dr. Taylor to Columbus on his return. All this had been done before the expiration of 10 days after the death. No request was made for any formal notices of the death and its causes, nor were any final proofs requested. It is true that the father of the beneficiary, who was an old and apparently not a very well-informed person, sent a request to the company for a blank form for a report and final proof, and that such blanks were

sent by the association, but in consequence of the absence of the minister who conducted the funeral service, who was supposed to be an important witness, these forms were not filled out and sent within 30 days from the time of the death of the deceased. We think, however, that it is not important to consider this request for blanks or what was done in pursuance of it, if the notice and proofs had been already waived. We think the evidence was sufficient to justify, if indeed it did not require, the jury to find that there had been a waiver of the notice of the death and the final proofs. Upon this subject the court instructed the jury that the giving of the notice and the furnishing of the proof was a requirement that the association might waive, and that if the jury found from the evidence, and particularly the sending of the general surgeon and superintendent of claims to make personal investigation, that the company had intended to waive notice of the death and the furnishing of proofs of the circumstances, they might find that a waiver had been made out. Thus the court did not determine as matter of law that what the company had done amounted to a waiver, but left it for the jury to say whether, from all the facts proven, they believed that the company did not intend to insist upon the formal notice, which would be required by the constitution of the order, and the final proofs; that is, whether it had not taken upon itself the ascertainment of the facts which the notice and formal proofs would disclose. The verdict of the jury was for the plaintiff, and it is necessary to presume that the jury found that the defendant order did not intend to require the information which a formal notice and proof of facts would give, and it seems to us that the verdict of the jury was quite permissible in the circumstances.

Nothing likely or possible, so far as we can see, would probably be disclosed by the notice and formal proof which defendant's counsel insist should have been given, was left to be supplied after the chief surgeon and manager of the claim department had ascertained by his own examination and of which he had a full and ample account made by the stenographer employed by him and put on file in his own office. After all that, the insistence upon these formalities seems altogether devoid of merit.

[2] A number of cases involving this subject have been cited by counsel. We think it is well settled, and that the court was quite right in saying to the jury, that notices such as these may be waived by the insurer, and that evidence of such waiver may be found in the conduct of the association as in the case before us. And it has been held that where the association or company insuring has, upon information of the death, or other ground for a claim of indemnity, within the time allowed for giving notice, sent its own expert official for the very purpose of investigating and ascertaining the facts which might be material to its own exoneration, the insistence upon notice and proofs rests upon a barren technicality. See, for examples, the cases of American Accident Ins. Ass'n v. Norment, 91 Tenn. 1, 18 S. W. 395; Martin v. Equitable Accident Ass'n, 61 Hun, 467, 16 N. Y. Supp. 279; Sheanon v. Pac. Mutual Life Ins. Co., 83 Wis. 507, 53 N. W. 878.

Much reliance is placed by counsel for the plaintiff in error upon the case of Travelers' Ins. Co. v. Nax, 142 Fed. 653, 73 C. C. A. 649, in which Judge Gray delivered the opinion, wherein the subject was carefully discussed and the varying conditions in previous cases pointed out and the rules of law governing such conditions explained and affirmed. We find nothing in that case to criticise; on the contrary, we think that the conclusion of the court in that case was no doubt correct. But it furnishes no support to the defense made in the present instance. The contract for indemnity in that case required immediate notice to be served of any accident or injury. The deceased lived 72 days after the accident, and no notice was served for 67 days after his death, and there was no evidence of any waiver by the insured. We do not perceive how any other result could have been reached, and that, the contract having been disregarded by the failure to give notice, the plaintiff forfeited all right to recovery. The decisive fact or facts of the present case did not arise and were not considered.

We think it is not necessary to refer to other cases which relate to the consideration of the language of such contracts other than a few which seem most nearly relevant because of the similarity of the contract for indemnity to that in the present case. These are the cases of Odd Fellows Fraternal Accident Ass'n v. Earl, 70 Fed. 16, 16 C. C. A. 596, decided by the Court of Appeals for the Second Circuit; Rorick v. Railway Officials' & Employés' Accident Ass'n, 119 Fed. 63, 55 C. C. A. 369, decided by the Circuit Court of Appeals for the Ninth Circuit; Western Commercial Travelers' Ass'n v. Smith, 85 Fed. 401, 29 C. C. A. 223, 40 L. R. A. 653; and Cooper v. United States Mutual Accident Association, 132 N. Y. 334, 30 N. E. 833, 16 L. R. A. 138, 28 Am. St. Rep. 581.

Perceiving no error in the rulings of the Circuit Court, we must affirm the judgment.