## BUFORD v. NORTH AMERICAN ACCI-DENT INS. CO.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1924. Rehearing Denied January 30, 1925.)

No. 4427.

Insurance ⬡⟾467—Accident policy held not to impose liability for loss of eye more than 90 days after accident.

A policy insured plaintiff, "subject to the conditions, limitations, and provisions herein contained," against accidents which resulted in total or partial disability or death. It contained a schedule of injuries, among which was the loss of an eye, and provided that, "if within 90 days from the date of the accident * * * the insured suffers * * * one of the said injuries," he might at his election receive the amount of the indemnity set opposite the said injury in the schedule. Plaintiff received an injury to his eye which did not cause total or partial disability, but resulted a year later in the loss of the eye. Held, that such injury, not having been suffered within 90 days, was not within the policy.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action at law by Thomas E. Buford against the North American Accident Insurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

E. E. Easterling and C. W. Howth, both of Beaumont, Tex. (M. S. Duffie and Howth, Adams, O'Fiel & Hart, all of Beaumont, Tex., on the brief), for plaintiff in error.

C. T. Duff, of Beaumont, Tex. (Edward St. Clair, of Chicago, Ill., and F. J. & C. T. Duff, of Beaumont, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

BRYAN, Circuit Judge. This is a suit on an accident policy. The plaintiff, a real estate agent, while a passenger on a railroad train, suffered an accidental injury to his left eye. He promptly consulted a physician, who attempted to prevent the loss of sight, and did not give up the hope of doing that until more than a year after the injury, when the injured eye was removed. The facts are not in dispute. The policy was in force at the time of the accident and until after the eye was removed. Defendant's liability turns upon the question whether the policy provides indemnity for the loss of the eye occuring more than 90 days after the accident.

The policy contains the following caption:

"This policy provides indemnity for loss of life, limb, sight, or time by accidental means, and for loss of sight, use of limb, or time by illness, as herein limited and provided"—and provides that the insurance company, "subject to the conditions, limitations, and provisions herein contained, does hereby insure" the plaintiff "in the principal sum of seventy-five hundred dollars (herein called the principal sum) and in the sum of twenty-five dollars a week (herein called the weekly indemnity) against—

"(1) Bodily injury sustained during the term of this policy through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane), and resulting directly, independently and exclusively of all other causes, in—

"(a) Immediate, continuous, and total disability that prevents the insured from performing any and every kind of duty pertaining to his occupation;

"(b) Immediate (as respects the injury or as respects preceding total disability) and continuous partial disability that prevents the insured from performing fully work essential to the duties of his occupation.

"(c) Death;

"(2) Illness, as hereinafter defined," etc.
* * *

"Accident Indemnities.    Total Disability.

"Art. 4. If the insured suffers total disability, the company will pay the insured so long as he suffers said total disability the weekly indemnity.

"Partial Disability.

"Article 5. If the insured suffers partial disability, the company will pay the insured for the period of such partial disability, not exceeding fifty-two weeks half the weekly indemnity.

"Death.

"Article 6. If the insured suffers total disability, and if, during the period of said total disability, the insured suffers death as the direct result of the bodily injury causing the said total disability; or, if within ninety days from the date of the accident, irrespective of total disability, the insured suffers death, the company will pay the principal sum, and, for such part of the period between the date of the accident and the date of death as the insured has not been paid a weekly indemnity, an additional sum of the weekly indemnity.

"Optional Indemnity.

"Article 7. Or, if the insured suffers total disability and if, during the period of

said total disability and within two hundred weeks from the date of the accident, the insured suffers, as the direct result of the bodily injury causing the said total disability and independently and exclusively of all other causes, one of the injuries defined in the schedule of injuries set forth hereon; or, if within ninety days from the date of the accident, irrespective of total disability, the insured suffers in like manner one of the said injuries—the insured may elect to receive the amount of indemnity set opposite said injury in the said schedule, together with the weekly indemnity for the period between the date of the accident and the date that the insured suffers the injury defined in said schedule in lieu of all other indemnity under this policy except surgeon's fees and hospital charges to which he may be entitled," etc.

Attached to the policy is a schedule of injuries arranged in two sections. The irrevocable loss of the sight of one eye, resulting from an accident sustained while the insured is riding as a passenger of a common carrier, is fixed at the principal sum of $7,500. The district judge, a jury being waived in writing, entered judgment for the defendant, and the plaintiff assigns error upon the refusal of a motion for judgment in his favor.

The insurance is not against bodily injury only, but is limited to such bodily injury as results in immediate and continuous total or partial disability, death, or illness. Total disability must be such as to prevent the insured from performing any duty pertaining to his occupation, and partial disability must be such as to prevent the insured from performing fully work essential to the duties of his occupation. In the event of total disability, the company agrees to pay the weekly indemnity so long as such disability lasts, and, in the event of partial disability, to pay the weekly indemnity for a period not exceeding 52 weeks. As the plaintiff was able to engage, without interruption, in his business of real estate agent, he did not suffer even a partial disability within the meaning of the policy. He therefore never became entitled to the payment of a weekly indemnity. In addition to the weekly indemnity, the policy provides, under article 7 above quoted from, for the payment of a lump sum indemnity, in case the insured, within the periods of time therein named, suffers one of the injuries listed in the schedule. Plaintiff suffered one of such injuries, to wit, the loss of his eye; but as that loss did not occur within 90 days from the date of the accident, and was not suffered during a period of total disability, we are of opinion that he is not entitled to recover the lump sum indemnity. This construction of the policy is strengthened by reference to the lump sum indemnities provided for total disability and for death. In case of total disability, and during the period thereof, and within 200 weeks from the date of the accident, if the insured suffers one of the injuries listed in the schedule, he is entitled to a lump sum indemnity. Again, if the insured suffers total disability and during the period thereof suffers death, the company agrees to pay the principal sum, as well as the weekly indemnity for the period between the date of accident and the date of death. And the company also agrees to pay the principal sum and the weekly indemnity irrespective of total disability if the insured dies within 90 days from the date of the accident. In articles 6 and 7, which contain the provisions just referred to, the periods covered by the policy are set out and made to differ according to whether the accident results in death, in total disability or in partial disability. The policy does not insure against scheduled losses resulting from accidents for indefinite periods of time.

Plaintiff relies upon the caption of the policy providing indemnity for loss of sight, but ignores the statement therein contained that such indemnity is limited by the provisions of the policy. He also seeks to separate the bodily injuries sustained from the limitations which make it a condition precedent to liability that such injuries shall result in immediate disability, death or illness. We think such a construction is untenable, and does violence to the clear and explicit provisions of the policy. The language of the policy is not ambiguous and to be construed against the company, because it prepared the contract. Plaintiff relies on the cases of Continental Casualty Co. v. Colvin, 77 Kan. 561, 95 P. 565, and Rorick v. Railway Ass'n, 119 F. 63, 55 C. C. A. 369. The policy in this case is different from the policy sued on in either of the cited cases, and besides the disability in the Colvin Case and the death in the Rorick Case occurred within 90 days from the date of the accident.

The judgment is affirmed.