BUFORD v. NORTH AMERICAN INS. CO.

No. 3150.

Court of Civil Appeals of Texas.
Beaumont.

July 29, 1937.

Rehearing Denied Dec. 8, 1937.

Howth, Adams & Hart, of Beaumont, for appellant.

Duff & Cecil, of Beaumont, for appellee.

COMBS, Justice.

This is a suit on an accident insurance policy for disability benefits amounting to $1,300, and for 12 per cent. penalty and $500 attorney's fee. We will refer to the appellant as plaintiff and the appellee as the insurance company.

On March 31, 1920, while traveling on a passenger train, the plaintiff received an injury to his left eye. The eye was treated by a specialist in an attempt to save the sight of it, but, on June 24, 1921, the eyeball was removed. On February 20, 1922, the plaintiff filed a suit in the district court of Jefferson county, which was removed to the federal District Court for the Eastern District of Texas, the case being styled Thomas E. Buford v. North American Accident Insurance Company, No. 736. That suit resulted in a judgment against the plaintiff which was affirmed by the Circuit Court of Appeals for the Fifth Circuit; see Buford v. Ins. Co., 3 F.2d 263. That judgment became final. The present suit was filed in the district court of Jefferson county in 1922 but was not tried until October 7, 1936. On the trial of this case the insurance company urged a plea of res adjudicata based on the judgment in the federal court, which plea was sustained by the trial judge and the cause dismissed. The sole question before us is whether the federal court judgment was res adjudicata of this suit.

The insurance policy sued upon, and which was in full force and effect at the time of the plaintiff's injury, contained the following insuring clause:

"The Insuring Clause

"In consideration of the premium and of the statements which are set forth in the application herefor, a copy of which application is endorsed hereon and made a part of this contract, and subject to the conditions, limitations, and provisions herein contained

"Does Hereby Insure

the person (herein called the Insured), whose name appears after the word 'signature' at the foot of said copy of appli-

cation, by occupation Real Estate Agent, in Class A, in the Principal Sum of Seventy Five Hundred Dollars (herein called the Principal Sum,) and in the sum of Twenty-five Dollars a week (herein called the Weekly Indemnity) against

"(1) Bodily injury sustained during the term of this policy through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane), and resulting directly, independently and exclusively of all other causes, in—

"(a) immediate, continuous, and total disability that prevents the Insured from performing any and every kind of duty pertaining to his occupation,

"(b) immediate (as respects the injury or as respects preceding total disability) and continuous partial disability that prevents the insured from performing fully work essential to the duties of his occupation,

"(c) death;

"(2) Illness, as hereinafter defined, contracted by the Insured after the fifteenth day this policy is dated and for which the Insured is treated by a licensed physician, and during the term hereof as follows."

Under accident indemnities the policy provided:

### "Partial Disability

"Article 5. If the Insured suffers partial disability, the company will pay the Insured for the period of such partial disability, not exceeding fifty-two weeks half the Weekly Indemnity"

### "Optional Indemnity

"Article 7. Or, if the Insured suffers total disability and if, during the period of said total disability and within two hundred weeks from the date of the accident, the Insured suffers, as the direct result of the bodily injury causing the said total disability and independently and exclusively of all other causes, one of the injuries defined in the Schedule of Injuries set forth hereon; or, if within ninety days from the date of the accident, irrespective of total disability, the Insured suffers in like manner one of the said injuries—the Insured may elect to receive the amount of indemnity set opposite said injury in the said schedule, together with the weekly indemnity for the period between the date of the accident and the date that the insured suffers the injury defined in said schedule in lieu of all other indemnity under this policy except Surgeon's fees and Hospital charges to which he may be entitled; provided that written notice of his election is given to the Company at its home office in Chicago, Illinois, within thirty days from the date that the Insured suffers any injury defined in Section 1 of the said Schedule and within twenty days from the date that the Insured suffers any injury defined in Section 2 of the said schedule; provided further that not more than one of the said amounts so named shall be payable under this article for bodily injuries resulting from one accident."

"Article 14. No recovery shall be had under more than one provision of this policy on account of one accident to the Insured or of one illness suffered by the Insured, except as provided in Articles 2, 9 and 10 or Article 5, 9 and 10. No recovery shall be had on account of disability from illness for any period of time for which the Insured is entitled to weekly indemnity on account of a bodily injury. Claim for benefit on account of accidental death shall be subject to proof of insurable interest. Failure to comply with the provisions of this policy shall render invalid any claim under this policy."

By the schedule of injuries attached to the policy the indemnity for the irrecoverable loss of the sight of an eye resulting from accident sustained while the injured was riding as a passenger on a common carrier was fixed at $7,500. Plaintiff's petition upon which the federal court suit was tried set up the facts of his injury and that the eyeball had been removed and sought recovery at $7,500. He also pleaded: "That in the event the court holds that the suffering of the irrecoverable loss of the sight of one eye shall be accompanied by disability, and in that event it is found that the plaintiff did suffer disability, or some disability, and only in that event, plaintiff alleges that he gave the duly authorized agent of the defendant within five days of the happening of the accident which occurred on or about March 31, 1920, notice of such accident, and plaintiff prays for the weekly indemnity allowed under the terms of the policy between the date of the accident and the date of the loss of sight and loss of the left eye, as set out in Article 7 of said policy."

His prayer was for judgment for the sum of $7,500 "or in the event it is held

that plaintiff suffered disability or some disability, then the sum of $7500.00 plus weekly indemnity allowed under the terms of the policy between the date of the accident and the date of the loss of sight in and loss of the left eye" together with penalty and attorney's fee. A stipulation filed in the federal court case contained, among other agreements, the following: "It is further agreed that following the accident, causing injury to the left eye of the plaintiff on the 31st day of March, 1920, the plaintiff suffered no total or partial disability. That is to say, that he was not, by reason of said injury, caused to lose any time from his usual vocation, and that he followed his usual vocation up to the time of the removal of the eye, on June 24, 1921."

In the present suit which was filed in the district court of Jefferson county in October, 1924, the plaintiff sues for partial incapacity for 52 weeks which occurred as the result of the removal of the eye June 24, 1921, it being alleged that the removal of the eye and severance of the optic nerve and the discomforts and pain and sympathetic effect on the other eye produced an incapacity which "resulted directly, independently and exclusively of all other causes in immediate (as respects the injury) and continuous partial disability that prevents plaintiff from performing fully work essential to the duties of his occupation, the said disability being such as defined in Section B of Part 1 of the insuring clause of said policy, entitling plaintiff to said double indemnity as expressly stipulated in Articles 5 and 8 and in Section 2 of said Article 8."

The insurance company filed a plea in bar, setting up the judgment in the federal court case as res adjudicata. After hearing evidence the trial court sustained the plea and dismissed the plaintiff's suit.

Plaintiff contends that the federal court judgment was not res adjudicata of the issue involved in the present suit in that the federal court suit was for the specific injury of the irrecoverable loss of the sight of the eye, whereas, the present suit is for a period of disability following and resulting from the removal of the eye.

It is our conclusion that the trial court did not err in sustaining the plea of res adjudicata. It is our view that this is so, regardless of whether the cause of action asserted in the present suit is identical with that asserted in the federal court suit. A reference to section b of the insuring clause set out above, and which is specifically referred to in the plaintiff's petition, will show that the partial disability insured against under the terms of the policy was only such partial disability as was "immediate (as respects the injury or as respects preceding total disability)." It is apparent that the temporary disability following the removal of the eye here sued upon did not follow immediately the injury. The injury occurred March 31, 1920, and the removal of the eye, which was the beginning of the period of partial incapacity sued upon, was June 24, 1921. Since the disability did not follow immediately the injury, then the only other contingency insured against which would entitle the plaintiff to recover in this suit was that such partial incapacity followed immediately "preceding total disability." The matter of total disability following the injury of March 21, 1920, was an issue in the federal court case. A reference to the opinion of the Circuit Court of Appeals, referred to supra, will show that the plaintiff was denied recovery in that suit because the removal of the eye did not occur within 90 days of the injury and did not occur during any period of total disability immediately following the injury. It was adjudicated in that case, and was specifically agreed, by stipulation of the parties, that no disability occurred between the date of the injury and the removal of the eye. The issue of disability following the injury was raised by the pleadings as shown by the excerpt copied above. That the parties understood that the issue of disability was raised is shown by the stipulation. Why stipulate that no disability occurred between the date of the injury and the removal of the eye if the issue was not involved in the case?

But it is insisted that partial disability was not involved and so the statement in the opinion of the Circuit Court of Appeals cited supra, to the effect that no disability, either total or partial, occurred between the date of the injury and the removal of the eye, was pure dicta in so far as the issue of partial disability is concerned. We think the issue of partial disability was raised, but the point is immaterial. This is so for the reason that the federal court necessarily determined that the removal of the eye was not preceded by a period of total disability following the injury. That conclusion neces-

sarily entered into the judgment in the federal court case, as will be clearly shown by a reading of the opinion of the Circuit Court of Appeals. Now in the present suit it is made to appear without dispute that the plaintiff's partial disability did not follow immediately the injury and so, in order to recover here, it would be necessary for the plaintiff to establish that there was a total disability following the injury and that the partial disability sued for followed immediately after such period of total disability. In other words, in order to bring this case within the insuring clause of the policy the plaintiff would have to establish that total disability existed throughout the period from the date of the injury to the time the eye was removed. It is thus seen that he would have to here establish the direct opposite of an issue as determined against him in the federal court suit. This he cannot do. The federal court judgment was a final determination of the issue of total incapacity adverse to the appellant, which determination of said issue is binding upon the plaintiff here. And since the issue is decisive of this case, the trial court correctly so held.

The judgment of the trial court is affirmed.

### On Rehearing.

In the motion for rehearing appellant earnestly contends that we failed to distinguish between "accident" and "injury" as used in the policy sued on. It is contended that, while plaintiff sustained an accident, March 31, 1920, the injury was the removal of the eye which resulted from it, June 24, 1921, from which date the partial incapacity sued on began.

The policy is not susceptible to the construction contended for. Reference to the insuring clause set forth in the original opinion will show that the thing insured against was "bodily injury" sustained through "accidental means" and resulting in "immediate (as respects the injury or as respects preceding total disability) and continuous partial disability." Appellant sustained a "bodily injury," i. e., an injury to his eye, at the time of the accident. It was attempted by medical treatment to save the eye but to no avail. It finally had to be removed. The removal of the eye was not the "injury" but the result of the injury.

Had appellant been able in this case to show that disability, either partial or total or both, existed from and after the time his eye was injured, he would have clearly been entitled to recover. But, unfortunately he is barred by the federal court's judgment from establishing such fact, if it was a fact.

We make the holding with reluctance. The appellant was unquestionably injured. His accident policy was in full force and effect with all premiums paid. But as we understand the law and the record, the appellant is unable to bring his alleged cause of action within the provisions of the policy.

The motion for rehearing is overruled.