DRINAN v. CLOVER LEAF CASUALTY CO.

1. INSURANCE—ACCIDENT INSURANCE—FAILURE TO ISSUE POLICY—
   LIABILITY.
   Where plaintiff's husband made application for accident in-
   surance in defendant company, and paid the premium,
   which had not been returned or a policy issued at the
   time of his death, defendant's liability would not be any
   greater than if the policy had been actually issued.

2. SAME—RESTRICTIVE POLICIES—REMEDY—COURTS.
   That many so-called accident policies are filled with such
   restrictions and limitations as to make it impossible to
   recover thereon in many cases is a condition to be reme-
   died by the legislature and not the courts, whose duty
   it is to enforce the contracts as they are made by the
   parties thereto, if legal.

3. SAME—CONSTRUCTION OF POLICY—RESTRICTING LIABILITY.
   Plaintiff's contention that the proviso limiting defendant's
   liability to such loss as occurred within 30 days from the
   date of the accident applied to the loss of members of the
   body only, and not to loss of life, held, at variance with
   the plain provisions of the policy.

4. SAME.
   Plaintiff's husband having lived for more than two months
   after the accident, the conclusion of the court below that
   defendant was not liable, held, correct.

Case-made from Muskegon; Vanderwerp, J.   Sub-
mitted October 29, 1919.   (Docket No. 95.)   Decided
December 22, 1919.

Assumpsit by Sarah E. Drinan against the Clover
Leaf Casualty Company on a policy of insurance.
Judgment for defendant on a directed verdict.   Plain-
tiff appeals.   Affirmed.

*James E. Sullivan,* for appellant.

*Cross, Foote & Sessions* (*H. P. Samuell,* of coun-
sel), for appellee.

KUHN, J. The plaintiff's husband, David Drinan, was a resident of the city of Muskegon, engaged in the flour and feed business. On May 31, 1918, he paid to Mr. Cotharin, who was the general agent of the defendant insurance company, $10, as a premium for accident insurance in said company, and received from him the following receipt:

"$10.00                                        May 31, 1918. ·
    "Received of David Drinan...........ten dollars. Being payment due with application for $10.00 insurance in the Clover Leaf Casualty Company, Jacksonville, Illinois, which payment will be at once returned to the applicant if his application be not accepted. If accepted no further payment will be due until May 31st, 1919.
"Form No. 287.
                    "W. H. COTHARIN, Detroit, Mich."

No policy of insurance was issued on this receipt and on June 24, 1918, Mr. Drinan met with an accident, in falling off a high stool in his office, and received serious injuries. It is claimed that as a result of these injuries he died on the 29th of August, 1918.

The defendant company was notified of the accident by Mr. Drinan during his lifetime and some correspondence was had with the company with regard to the claim, it being asserted by the company that the application had never been received by it. A new application was sent to Mr. Drinan which he filled out and signed, but up to the time of his death, no policy had been issued.

Suit was brought by the plaintiff, claiming that a contract existed between the defendant company and David Drinan, based upon the receipt that was issued, and that David Drinan was insured for one year from May 31, 1918, against accident and injury which would entitle plaintiff to an indemnity of $5,000 against defendant by the said contract. To this the defendant pleaded the general issue and attached to the plead-

ings a notice of special defenses. It was claimed that the only form of policy which the defendant executed upon the application for $10 insurance was such a policy as was annexed to the notice and is known in the record as Exhibit "A."

The trial judge, after hearing the proofs, came to the conclusion that the plaintiff had no standing in court because, in his opinion, the liability of the company would not be any greater in this case than if the policy had been actually issued and that the policy which is referred to in the application itself and in evidence in the case was a limited policy, restricting the liability to a certain kind of accidents. That it clearly appeared that the accident which is claimed to have resulted in the death of Mr. Drinan was not covered by the contract of insurance, except, possibly, in one clause of the policy where the limit of the liability was $100. He held further that there could be no liability under this latter provision of the policy because it clearly provided that, in order to hold the insurer liable for this amount, the loss of life of the insured must result within 30 days from the accident, it appearing that the plaintiff's husband lived for more than two months after the date of the accident.

It is apparent that if the trial judge was correct in this conclusion it must necessarily effectually dispose of the various claims of the plaintiff in this litigation. It is unfortunately true that many so-called accident policies, filled with such restrictions and limitations as to make it impossible to recover thereon in many cases of accident, are allowed to be sold in this State. The remedy for this, however, lies with the legislature and not with the courts, whose duty it is to enforce the contracts as they are made by the parties thereto if the contracts are such as can be legally entered into.

Part 1 of the contract provides as follows:

"Part 1.

"Indemnity for Death, Dismemberment or Loss of Sight.

| Payments in One Sum | Value First Year Under Part 1 | Annual Increase Under Part 1 | Value After 5th Year Under Part 1 |
|---|---|---|---|
| For loss of life......... | $5,000.00 | $500.00 | $7,500.00 |
| For loss of both eyes.... | 5,000.00 | 500.00 | 7,500.00 |
| For loss of both hands.. | 5,000.00 | 500.00 | 7,500.00 |
| For loss of both feet.,... | 5,000.00 | 500.00 | 7,500.00 |
| For loss of one hand and one foot .............. | 5,000.00 | 500.00 | 7,500.00 |
| For loss of one hand.... | 1,250.00 | 125.00 | 1,875.00 |
| For loss of one foot..... | 1,250.00 | 125.00 | 1,875.00 |
| For loss of one eye...... | 500.00 | 50.00 | 750.00 |

"Payments shall not be made for more than one loss enumerated in above 'Payments in One Sum.'

"(The loss of any member or members specified above shall mean the loss by actual and complete severance at or above the wrist or ankle; loss of eye or eyes shall mean the irrecoverable loss of the entire sight thereof.)

"Provided such loss shall result within thirty days from date of accident, from accidental bodily injuries, solely and independently of all other causes, and only if such injuries are sustained as follows:

"(1) While actually riding as a passenger in a place regularly provided for the transportation of passengers within a steam, surface, underground or elevated railroad car, or steamboat, provided by a common carrier for passenger service only (aerial machines or conveyances excepted) ; or

"(2) While riding as a passenger in any passenger elevator (elevator in mines excepted), in a place regularly provided for the sole use of passengers; * * *"

It is the contention of plaintiff's counsel that the paragraph in parentheses should be read as if no parentheses were there and that the proviso immediately following should apply only to the explanatory and parenthetical sentence immediately preceding it.

With this construction, however, we cannot agree. because the reading of this part of the policy clearly indicates that the proviso does not refer to the paragraph in parentheses but refers to that part of the policy immediately preceding the parenthetical sentence.

We see no escape from this conclusion that the trial judge was clearly right in construing the policy as he did and that the plaintiff, being bound by its terms, had no standing in court.

The judgment of the court below will therefore be affirmed.

BIRD, C. J., and SHARPE, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.