## FIRST TEXAS PRUDENTIAL INS. CO. v. SORLEY. (No. 192.)

(Court of Civil Appeals of Texas. Waco. April 2, 1925. Rehearing Denied May 7, 1925.)

1. **Appeal and error ⚖═989—Only facts tending to support jury's findings considered in passing on sufficiency of evidence to sustain them.**

In passing on sufficiency of evidence to sustain jury's findings, appellate court must reject all evidence favorable to appellant, and consider only facts and circumstances tending to support such findings, and, if jury under such evidence might have reached conclusion embodied in such findings, appellate court cannot set it aside.

2. **Insurance ⚖═665(3)—Conflicting evidence held to sustain finding that insured paid premium due in cash.**

In action on life insurance policy, in which judgment was rendered for plaintiff, considering only facts tending to support jury's findings, conflicting evidence held to sustain jury's findings that certain premium was paid by cash and that, at time insured executed a note to insurer, he was not indebted to insurer for premiums due.

3. **Appeal and error ⚖═931(4), 1012(1)—Judgment for insurance beneficiary held to involve implied finding against insurer's contention of estoppel by accord and satisfaction.**

In action on life insurance policy, where insurer set up no plea of accord and satisfaction, by which it is alleged plaintiff was estopped from questioning note executed by insured for premiums, nor requested submission of issue calling for finding of fact necessary to establish accord and satisfaction, held, that the judgment in favor of plaintiff involved an implied finding by court against insurer's contention, which implied finding, under Rev. St. art. 1985, is conclusive against insurer, where the evidence did not establish the contrary with such certainty that reasonable minds could not differ.

4. **Appeal and error ⚖═931(4) — Finding against insurer's contention as to waiver by insured presumed, where no such issue requested and judgment rendered for beneficiary.**

In action on life insurance policy, where there was no affirmative proof nor issue requested to be submitted as to insurer's contention that beneficiary waived right to assert that note executed by insured to insurer was without consideration as to extent of the previously paid premium, and judgment was rendered for beneficiary, held, that under R. S. art. 1985, an adverse finding on such issue will be presumed in support of judgment rendered.

5. **Insurance ⚖═187(3)—Beneficiary held not to have waived right to question regularity of note executed by insured by a conditional offer to insurer, which was definitely rejected.**

In action on life insurance policy, in which plaintiff alleged that a note executed by in-

sured to insurer was without consideration to extent of a previously paid premium, *held*, that plaintiff did not waive right to assert such contention because of a conditional offer made by insured to insurer, where such conditional offer was definitely rejected by insurer.

**6. Insurance ⬤⟶152(3)—Insured and insurer presumed to have contracted in contemplation of statute relating to extended term insurance.**

Both insurer and insured are presumed to have known provisions of Rev. St. art. 4741, subd. 7, relating to extended term insurance, and are presumed to have contracted in contemplation thereof, and such statute is presumed by implication to be written into contract of insurance as though expressed therein.

**7. Evidence ⬤⟶20(I) — Common knowledge that premiums on life insurance policies ordinarily paid annually.**

It is matter of common knowledge that premiums on life insurance policies are ordinarily paid annually or on an annual basis.

**8. Contracts ⬤⟶153—Contract construed so as to make it conform to requirements of law when proper construction in doubt.**

When proper construction of a contract is in doubt, court will adopt that construction which makes same conform to requirements of law rather than construction imputing to parties intent to violate law.

**9. Insurance ⬤⟶146(3) — Insurance contract construed in favor of insured and against insurer.**

Contracts of insurance must be construed liberally in favor of insured and strictly against insurer.

**10. Insurance ⬤⟶367(I)—Insured held entitled to proportionate extended term insurance for additional six months, where premiums paid quarterly.**

Where life insurance policy contained table providing for extended term insurance on yearly basis, as provided in Rev. St. art. 4741, subd. 7, but policy expressly provided that premiums should be paid quarterly, *held*, that where insured paid quarterly premium for three full years, as required by policy, all his rights under policy were continued in force by each quarterly payment thereafter made, and hence insured was entitled to proportionate extended term insurance for additional six months for which he paid premiums beyond end of third policy year.

Appeal from District Court, McLennan County; James P. Alexander, Judge.

Action by Mary L. Sorley. against the First Texas Prudential Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Williams, Williams, McClellan & Lincoln, of Waco, for appellant.

Taylor· & Hale, of Waco, for appellee.

GALLAGHER, C. J. Appellee, Mary L. Sorley, sued appellant, First Texas Prudential

Insurance Company, to recover on a policy of life insurance in the sum of $1,000, issued by appellant on the life of her deceased husband, John A. Sorley, in which policy she was named as beneficiary, and to recover penalty and attorney's fees as provided by statute. The policy sued on was issued December 9, 1918. By the terms thereof premiums were payable quarterly. On February 11, 1922, the quarterly premium due December 9, 1921, remained unpaid in whole or in part, and the policy, under the terms thereof, had lapsed. On that day the insured, John A. Sorley, desiring to have said policy renewed, in accordance with the requirements thereof and the rules of the company, executed what is called a health certificate, in which he declared in specific terms that he was· that day entirely free from all infir-· mities, injuries, sickness, and disease. He also on said day executed his promissory note, bearing said date and due December 9, 1923, payable to appellant, in the sum of $36.07. Said note recited that it was given for money loaned to the insured by the company and the said policy was assigned and delivered to the company to secure the payment of the same. There was no other recital concerning the consideration therefor, nor of any agreement concerning the application of the proceeds to the payment of premiums on said policy, either past due or to become due in the future. Said note further provided that, if any premium on said policy should not be paid when due, such note, at the option of the owner, should at once become due and payable. Other provisions of said note are not deemed material. The insured delivered said note, together with said health certificate and said policy, to an agent of appellant at Waco. There is no contention that the insured received any money in return for the execution and delivery of said note. While there is a controversy between the parties as to a part of the consideration for said note, there is no controversy that appellant did not credit the assured with payment of premiums to become due thereafter except to and including the quarter ending June 9, 1922, nor that another premium for the ensuing quarter became due and payable on said last-named date. Neither is there any controversy over the fact that such premium for said ensuing quarter was never paid and that the policy lapsed for nonpayment thereof and was never reinstated. Premiums had been paid on said policy for three full years prior to December 9, 1921.

Said policy provided for certain options which insured might exercise in such cases. The insured did not exercise any of such options. The provisions of the policy in case none of such options were exercised were as follows:

"Without any action on the part of the insured, this policy shall be extended as a policy of paid-up term insurance beginning at the due date of the unpaid premium and without loan or surrender values, the term and amount of which shall be fixed as follows: From the net value of the paid-up term insurance stated in column 2 of the table on the third page hereof shall be deducted all existing indebtedness to the company on the policy and the balance of such net value, if any, shall be converted into paid-up term insurance. * * *

"Policy years date from 9th day of December, 1918."

The third policy year was completed on December 9, 1921. The paid-up term insurance at the end of the third policy year, as stated in the table incorporated therein and so referred to, was two years and three months. Said table contained no statement of either loan and cash values or extended insurance available on a default in the payment of premiums when such default resulted from a failure to pay a premium due in the middle of a policy year, as in this case.

Appellant claimed that the consideraton for said note was the payment, satisfaction, and surrender of a prior note which it claimed had been executed and delivered to it by the insured in payment of the quarterly premium due June 9, 1921, in the sum of $11.60, the two quarterly premiums due December 9, 1921, and March 9, 1922, respectively, in the sum of $11.60 each, and the further sum of $1.27 as interest. Appellee claimed said note was without consideration in part, because, so she alleged, the premium of $11.60 due June 9, 1921, was paid in cash and not by note. She also claimed said note was without consideration in part on account of a partial payment made in cash on the premium due December 9, 1921. Such contention is immaterial to the disposition of this appeal, and will not be discussed. She also contended that the automatic extended term insurance to which the insured was entitled at the end of the third policy year under the provisions of said policy should be increased pro rata for the half year during which he had paid the premiums beyond the said third policy year. The insured, John A. Sorley, died on January 4, 1923. It was shown by the testimony of an actuary that if the extended insurance available under the provisions of the policy was limited to the amount stated by the table as available at the end of the third policy year, without proportional extension for the additional six months for which premiums were actually paid, and if appellant was entitled to deduct the full amount of said note from the value of such extended insurance, the remaining term of extended insurance expired before the death of the insured. It was also shown by such testimony that, if said note was without consideration to the extent of the $11.60, the amount of the June, 1921, premi-

um in dispute, and if appellant was not authorized to include said sum of $11.60 in the amount deducted on account of said note, the term of said extended insurance remaining after deducting for said note had not expired at the time of the death of the insured. It was also shown by said testimony that, if the insured was entitled to a pro rata extension of the term insurance stated in said table to be available at the end of the third policy year, for and on account of the additional half year for which he had paid premiums, such extended insurance had not expired at his death. Other facts will be stated in connection with the discussion of the several issues of law presented in this appeal. The case was submitted to a jury on special issues. Said issues, so far as material, together with the answers of the jury thereto, are as follows:

"Special Issue No. 4. Was the premium of $11.60 which was due on June 9, 1921, paid by cash or by note? Answer: Cash."

"Special Issue No. 5. At the time the insured, J. A. Sorley, executed the note for the sum of $36.07 on February 11, 1922, was he indebted to the insurance company in any amount for premiums due before January 9, 1922? Answer: No."

"Special Issue No. 8. What would be a reasonable attorneys' fee for the prosecution and collection of this claim? Answer: $400."

Appellant's Special Requested Issue. "Did plaintiff after the policy sued on herein became due, if it ever became due, make an actual demand, except by the filing of this suit, which was intended by plaintiff and understood by defendant as a specific demand to pay the amount due on the policy? Answer: Yes."

The court entered judgment in favor of appellee against appellant for $1,606, which includes interest on the amount found due on the policy to the date of trial, the statutory penalty, and attorney's fees. The case is before us for review on appeal.

Appellant contends that the answers of the jury to special issues 4 and 5 are without support in the evidence. Appellee testified that, while the insured sometimes paid a quarterly premium at the Waco office of appellant, such payments were generally paid by her to the collector at her home, in exchange for a formal receipt therefor, countersigned by the agent of appellant company to whom such payment was made. Such receipts were introduced in evidence covering each quarterly premium, with a single immaterial exception, from the date of the policy to September 9, 1921, inclusive. The receipt for the quarterly premium due June 9, 1921, as well as the receipts for the four quarterly premiums immediately preceding the same, were all countersigned by W. D. Cooper, a local collecting agent of appellant. Said receipt of June 9, 1921, was the last receipt countersigned by said Cooper. The receipt for the quarterly premium

due September, 1921, was countersigned by another and different collecting agent, and the receipt for the partial payment made on the premium due December 9th of that year was signed by still another agent. Appellee testified, in substance, that she paid a quarterly premium in cash to Mr. Cooper; that that particular premium was the last one paid to Mr. Cooper; that it was paid to him in hot weather, and that she remembered as an incident of making such payment that she gave him a drink of ice water; that she knows it was not the March payment of that year because she did not keep ice water that early in the season. She further testified that this was the last time she could recall having seen him. She stated on cross-examination, in substance, that she did not remember the year nor the month when this payment was made, but that she remembered making it because of the incident about the ice water, and because it was the last time she paid a premium to said agent and the last time she remembered seeing him. While all of said quarterly receipts were on yellow paper, it was shown that the two premium receipts issued and delivered for premiums due December 9, 1921, and March 9, 1922, which were admittedly paid by note, were on green paper and countersigned by some one at the home office of the company. Appellant's witness Bailey was superintendent of its Waco office at that time. He testified in the case. He did not testify to any personal knowledge concerning the payment of the June premium, 1921, nor to any personal knowedge of or participation in the taking of a note in the sum of $11.60 therefor. He did not testify to transmitting said note to the home office of the company at Galveston. He stated in his testimony in a general way that the June premium, 1921, was paid by such a note, and that he received such note from the home office in Galveston in return for the $36.07 note which he testified he had had the insured execute, and which he testified to having forwarded to the home office of the company. Appellant's secretary was examined as a witness and testified that the home office received said $11.60 note in lieu of the June premium, 1921. He did not testify who accepted said note from the insured, nor how the same reached the home office of the company. He also testified to having sent said note, together with the two quarterly premium receipts above referred to, to Mr. Bailey for delivery to the insured.

[1, 2] The conflict between the evidence of appellee and the evidence of appellant's witnesses on the issues under consideration was submitted to the jury by said special issues Nos. 4 and 5, and the jury solved such conflict against the contention of appellant. In passing upon the sufficiency of the evidence to sustain said findings of the jury, we must reject all evidence favorable to appellant

and consider only the facts and circumstances which tend to support such findings. If the jury, under the evidence so considered, in an honest and impartial effort to arrive at the truth, might have reached the conclusions embodied in such findings, this court cannot set the same aside. Cartwright v. Canode, 106 Tex. 502, 507, 171 S. W. 696; San Antonio Irrigation Co. v. Deutschmann, 102 Tex. 201, 205, 105 S. W. 486, 114 S. W. 1174. We think, under the rule to be applied in determining the merits of appellant's contention as prescribed by the authorities cited, that said findings of the jury are not without support in the evidence.

[3] Appellant contends that the transaction in which the assured executed and delivered said $36.07 note secured a reinstatement of his lapsed policy and received receipts for certain premiums, constituted an accord and satisfaction, and that his action in the premises estops appellee from questioning the consideration for said note and from having any error in the amount thereof corrected before the same is charged against the automatic extended insurance provided for by the policy. No plea of accord and satisfaction is found in appellant's answers. The insured was by the terms of his policy entitled to have the same reinstated on furnishing satisfactory evidence of insurability and paying all past-due premiums. When he complied with such conditions, he was entitled to reinstatement as a matter of contractual right. No issues calling for a finding of facts necessary to establish accord and satisfaction were submitted or requested. The judgment in favor of appellee involves an implied finding by the court against such contention. Inasmuch as the burden was on appellant on such issues, such implied finding is conclusive, unless the evidence establishes the contrary with such certainty that reasonable minds cannot differ with reference thereto. Appellant's contention of estoppel by reason of a supposed accord and satisfaction is overruled. Revised Statutes, art. 1985.

[4] Appellant contends that, when insured executed and delivered the $36.07 note, he waived any lack of consideration for the $11.60 note which its witnesses testified it held and surrendered in part consideration for said $36.07 note, and waived any right on his part or on the part of appellee as beneficiary in said policy to assert that said last-named note was to that extent without consideration. This contention is based on the theory that the insured knew at that time that the premium alleged to have been paid by said $11.60 note was actually paid in cash by his wife, and that he intended, notwithstanding such knowledge, to obligate himself to pay said sum of $11.60 to appellant again when he paid said $36.07 note. There is no affirmative proof of such theory, and no such issue was requested to be submitted to

the jury for determination. An adverse finding on such issue by the court will be presumed in support of the judgment rendered. Revised Statutes, art. 1985.

[5] Appellant contends that the court erred in refusing to submit for a finding by the jury its specially requested issue as follows:

"Do you find from all facts and circumstances in this case that insured, John A. Sorley, or plaintiff, Mary L. Sorley, or both of them, voluntarily and knowingly relinquished and waived any right they or either of them may have ever had to assert any vice or irregularity in the $36.07 note executed by John A. Sorley in favor of defendant about February 11, 1922?"

Appellant gave the insured due notice of the maturity of the quarterly premium due June 9, 1922. Said premium not having been paid within the 30 days of grace allowed by law and by the terms of the policy contract, appellant notified the insured that his policy had lapsed for nonpayment of premium, and requested him to sign health certificate and return the same, with remittance covering such premium. Said notice further advised him that, in the event he was unable to remit the entire premium, if he would remit a part of the same, appellant would arrange for him to pay the remainder later, and would give the matter of reinstating the policy immediate attention. The said $36.07 note was by its terms due on December 9, 1923. Appellant did not then nor at any other time notify the insured that it had exercised the option provided in said note, and had declared it due and charged it against the extended term insurance stipulated in the policy, thereby almost extinguishing such extended insurance. On December 27, 1922, just a few days before the death of the insured, he, with the approval of appellee, wrote appellant the following letter:

"Gentlemen: Policy No. 2103 on John A. Sorley, Waco, Texas, dated December 9th, 1918, paid to March 9th, 1922. Receipted for in full.

"Inasmuch as I have let this policy lapse for nonpayment of premiums, I still have extended insurance for two years and one month, by payment of one note held by you, secured by a lien on this policy.

"I am inclosing two checks for $40.00, one for $37.50 and one for $2.50 to cover principal and interest on above note to date of receipt of same.

"You will please cancel note and return to me, together with above policy and balance over, in inclosed checks.

"Also acknowledgment of extended insurance on policy.

"Yours very truly,     John A. Sorley."

He inclosed therewith the checks referred to therein. Appellee, on January 5th, replied to said letter as follows:

"Dear Sir: Your policy having lapsed for nonpayment of premium due, we are compelled to hold your recent remittance of $40.00 in suspense pending a proper reinstatement of your policy. We are inclosing an application blank for this purpose, which we will ask that you complete in detail, date and sign the same, having your signature witnessed by some disinterested person and return to us, when we will take pleasure in giving the matter further our further attention."

On January 16, 1923, appellant, having learned of the death of the insured, returned said checks to the appellee, declared the policy null and void, and declined to send blanks for proof of death. The act of the insured in writing said letter and tendering said checks is the basis of appellant's contention that an issue of waiver was raised by the evidence and that such issue should have been submitted to the jury, as requested by it. The tender of said checks in payment of said note was clearly upon implied condition. If appellant had accepted the same and returned said note, it would have been estopped to deny that insured was entitled to extended term insurance after default in the payment of the June, 1922, premium for the length of time provided in said policy, as claimed by the insured in said letter. Appellant did not accept the payment so tendered. On the contrary, it held the same in abeyance, and finally, after the death of the insured, rejected the same. Our Supreme Court in Equitable Life Assurance Society, v. Ellis, 105 Tex. 526, 539, 147 S. W. 1152, 152 S. W. 625, held that the implied waiver arising from a conditional offer was operative for a reasonable time thereafter. Of course, where such offer is not acted upon within a reasonable time, or where it is definitely rejected, as in this case, it would be inequitable and unjust to hold the party making such conditional offer to have conclusively waived his right and yet to deny him the benefit which he anticipated as a return for such offer.

Appellee claims she is entitled to an affirmance of the judgment of the trial court in this case on the undisputed evidence. The basis of this contention is that, having paid all premiums on said policy for six months beyond the end of the third policy year, insured was entitled, not only to the term insurance promised in case of default in payment of premiums at the close of said third policy year, but to a proportionate extension of the same to cover the value of the increased reserve resulting from such additional payments. The facts are undisputed, and the issue is one of interpretation of the policy contract in the light of the statute of this state governing the matter of extended term insurance when policies lapse for nonpayment of premiums. Said statute, so far as applicable to this issue, is as follows:

"Art. 4741. No policy of life insurance shall be issued, or delivered in this state, or be issued

by a life insurance company organized under the laws of this state, unless the same shall contain provisions substantially as follows: * * *

"7. A provision which, in event of default in premium payments, after premiums shall have been paid for three full years, shall secure to the owner of the policy a stipulated form of insurance, *the net value of which shall be at least equal to the reserve at the date of default on the policy,* and on any dividend additions thereto, specifying the mortality table and rate of interest adopted for computing such reserves, less a sum not more than two and one-half per cent. of the amount insured by the policy and of any existing dividend additions thereto, and less any existing indebtedness to the company on the policy. * * *" (Italics ours.)

[6, 7] Both appellant and the insured are presumed to have known said provisions of the statute, and they are presumed to have contracted in contemplation thereof, and such statute is presumed by implication to be written into the contract of insurance in this case, and to be as such a part thereof as though expressed therein. The policy contract must be construed in the light of said statute. Trinity Portland Cement Co. v Lion Bonding & Surety Co. (Tex. Com. App.) 229 S. W. 483, 484, and authorities there cited. It is a matter of common knowledge that premiums on life insurance policies are ordinarily paid annually, or on an annual basis. The table inserted in the policy in this case by appellant is therefore applicable in cases where premiums are paid annually, because default in such cases necessarily occurs, if at all, at the end of some particular policy year. The premiums upon the policy under consideration in this case, however, are not payable annually nor on an annual basis. Such policy expressly provides that premiums shall be paid quarterly. Default in the payment of the premium and the resulting lapse of the policy must therefore be contemplated as likely to occur at the beginning of any quarter of the policy year. Such policy does not in terms provide that, if default is made after a part but not all of the quarterly premiums for any particular policy year have been paid, the extended insurance allowed shall be limited to the term or length of time declared by the said table to be available at the end of the preceding policy year. If such conclusion is reached, it must be by inference from the fact that the loan and cash values and the terms of extended insurance shown by said table are calculated and recited only on an annual basis. Such table is therefore not strictly applicable to this particular policy, because the insured had a contractual right to pay premiums quarterly and on a quarterly basis. Having paid his quarterly premiums for three full years as required by the terms of the policy, all of his rights under the policy were continued in force by each quarterly pay-

ment thereafter made, or fixed and determined by his failure to make any such quarterly payment. The requirements of the statute with reference to the term of extended insurance are based on "the reserve at the date of default on the policy." There is appended to the table under discussion as a part thereof the following provision:

"Loan and cash values available after the twentieth year will be the *full legal reserve of this policy at the date of default,* less all existing indebtedness to the company hereon. The amount of any such value will be stated upon application to the home office of the company." (Italics ours.)

It will be noted that this stipulation applies as of the date of default, and not as at the end of the preceding policy year, and that the same is at least, in some measure, a recognition of the requirement of the statute. It is true that appellant in the preparation of said table made some concessions in the matter of the arbitrary deduction from the reserve of "a sum not more than two and one-half per cent. of the amount insured by the policy," as authorized by said statute, which sum appellant's expert witness terms a "surrender charge." It is also true that the term of extended insurance promised at the end of the third policy year is, by reason of such concession, sufficient to comply with the terms of the law as applied to a default in the third or middle premium of the policy year of this policy. It is, however, also true that the term of extended insurance so promised is not sufficient, according to the testimony of said witness, to meet the requirement of the law, if default had occurred in the payment of the fourth or last quarterly premium of the current policy year of this particular policy. In other words, according to the construction contended for by appellant, the policy here under consideration complies with the terms of the law, default having occurred in the payment of the third quarterly premium, but, according to such construction, it would be contrary to express requirement of the law as to the term of extended insurance allowed, if the default had occurred in the payment of the fourth quarterly premium instead of the third. If this policy is construed according to the contention of appellee, it will be found to comply with both the spirit and the letter of the law, regardless of whether default was made in the payment of the first, second, third, or fourth quarterly premium.

[8-10] When the proper construction of a contract is in doubt, the court will adopt that construction which makes the same conform to the requirements of the law, rather than a construction which will impute to the parties an intent to disregard or violate the law. 6 R. C. L. p. 839, § 229. It is a familiar rule that contracts of insurance must be

construed liberally in favor of the insured and strictly against the insurer. 14 Tex. & S. W. Dig. title, Insurance, § 146. We think the policy in this case should be construed to entitle the insured to proportionate extended term insurance for the additional six months for which he paid premiums beyond the end of the third policy year. According to the undisputed evidence, if such proportionate extension is allowed, the policy was in force for the full amount thereof at the time of his death. We have found only one reported case involving the issue here under discussion. It is the case of Clark v. New York Life Ins. Co., by the Supreme Court of South Carolina, and reported in 101 S. C. 258, 85 S. E. 594. The policy in that case originally required premiums to be paid annually. Subsequently, an agreement was entered into between the insured and the company providing that premiums should be payable in equal quarterly installments of $12.31 each on the 14th day of January, April, July, and October, instead of annually on January 14th, as provided in said policy. It was also provided in said agreement that all the conditions of said policy as to the payment and nonpayment of any premium should apply to any installment payable under such agreement. The table in that case provided for extended insurance on a yearly basis, as does the table in the case before us. Quarterly premiums under said argement were made by the insured for the first and second quarters, but default was made in the payment of the premium for the third quarter. It does not appear that any statute or statutory policy was involved in that case. The court construed the agreement for quarterly payment of premiums in connection with the policy so as to sustain the contention that the insured was entitled to extended insurance, not only for the amount promised in the table, but also proportionately for the additional six months for which he had paid premiums beyond the end of the preceding policy year.

Appellant asserts that the contention just discussed concerning the construction of the policy contract was not pleaded by appellee, and that for such reason she is not entitled to have the same considered nor entitled to the benefit of such construction. We have carefully examined the pleadings in this case in the light of appellant's contention. Considering the pleadings of both parties together, as we are required to do in passing upon the question, we find that the entire policy, with all of its provisions, was pleaded, and that all the facts in the case were also pleaded. Appellee distinctly averred in her supplemental petition that the policy sued on was in full force and effect as extended term insurance at the date of the death of the insured. Of course, it was not necessary to plead the law. The construction of the policy therefore becomes merely a matter of law to be determined by the court on the undisputed facts of the case. We think the pleadings in the case are sufficient to support such construction.

A number of other interesting points are presented for consideration by appellant in its brief. They have all been examined, and, so far as they are pertinent to the disposition of this case, they are overruled.

The judgment of the trial court is affirmed.