## CROWE v. NORTH AMERICAN ACC. INS. CO.

No. 11997.

Court of Civil Appeals of Texas. Dallas.
June 27, 1936.

Rehearing Denied Sept. 26, 1936.

E. G. Senter, of Dallas, for plaintiff in error.

Seay, Malone & Lipscomb, of Dallas, for defendant in error.

LOONEY, Justice.

T. J. Crowe, as beneficiary, sued the North American Accident Insurance Company on its policy issued to Mrs. Julia E. Crowe, wife of plaintiff, seeking recovery of $1,000 indemnity for the death of insured; also to recover $525 weekly disability benefits, alleged to have accrued to the insured prior to her death. Construing plaintiff's petition, aided by the provisions of the policy attached as an exhibit, the case alleged is to the effect that the defendant insured Mrs. Crowe against the effects of bodily injuries caused directly, solely, and independently of all other causes, by external, violent, and accidental means, defendant agreeing to pay plaintiff, as beneficiary, indemnity of $1,000 in case of the death of insured within 30 days from the date of the accident, only in case of an accident which shall materially injure the automobile. The petition shows that plaintiff's death occurred more than 90 days after the date of the accident, also that the contract provides that, if the insured shall continuously be confined in the house and regularly visited by a licensed physician, and prevented from transacting any and every kind of business "solely by * * * acute yellow atrophy of the liver, and no other disease, * * *" that defendant would pay for the period of such confinement after the first 7 days, but not exceeding 8 consecutive weeks, $25 per week, payable to the insured; thus it appears that the maximum weekly indemnity recoverable was $200. The petition alleged that insured sustained accidental injuries within the terms of the policy; that her death resulted therefrom more than 30 days from the date of the accident, but there was no allegation that the automobile in which insured was riding was materially injured; that prior to her death she suffered from acute yellow atrophy of the liver, was continuously confined in the house, was regularly visited by a licensed physician, was wholly prevented from transacting any and every kind of business solely as the result of such illness for a period of 21 weeks, and that by reason thereof the company became liable to pay the plaintiff $525, in addition to the $1,000 indemnity for the death of insured; also alleged that defendant denied liability after due notice of the accident and death of insured was given, as provided in the policy. A general demurrer to the petition was sustained and, plaintiff declining to amend, the cause was dismissed, from which this appeal was taken.

We find no error in the action of the court. The allegations of the petition, aided by the provisions of the attached policy, revealing that the death of Mrs. Crowe resulted more than 30 days after the date of the alleged accident and injury, liability for payment of the $1,000 indemnity for her death was not made to appear. The doctrine announced in 1 C.J. 469, § 179, which seems to be well supported by the authorities, is that: "The standard acci-

dent policies, in addition to the provision for indemnifying the insured, against the results of accidental injuries, generally provide for the payment of a certain sum in the event of his death being caused by accident, provided death occurs within a specified time (usually 90 days) after the occurrence of the accident; and provisions so limiting the time within which death must occur to render the insurer liable, have been held to be valid and binding, and there can be no recovery for the death of the insured if it occurs more than the prescribed time after the accident, although within the terms of the policy." To the same effect see: Cooley's Briefs on Insurance (2d Ed.) vol. 6, p. 5272; Brown v. United States Cas. Co. (C.C.) 95 F. 935; Kerns v. Ætna Life Ins. Co. (C.C.A.) 291 F. 289; Buford v. North American Acc. Ins. Co. (C.C.A) 3 F.(2d) 263; Barnett v. Travelers' Ins. Co. (C.C.A.) 32 F.(2d) 479; Walters v. Western & So. Life Ins. Co., 318 Pa. 382, 178 A. 499; Thompson v. Iowa State Trav. Men's Ass'n, 179 Iowa, 603, 161 N.W. 655; Drinan v. Clover Leaf Casualty Co., 207 Mich. 677, 175 N. W. 176; Tuttle v. Pacific Mutual Life Ins. Co., 58 Mont. 121, 190 P. 993, 16 A.L.R. 601.

We do not deem it necessary to discuss the right of plaintiff to maintain the suit to recover weekly indemnities without having alleged that there was no administration on insured's estate and that none was necessary, because, we think it clearly appearing that the court was without jurisdiction to entertain the plea after plaintiff's claim was reduced as the result of sustaining the demurrer to the count seeking recovery of the $1,000 death indemnity, the amount left under the terms of the policy could not exceed $200 weekly indemnities, below the jurisdiction of the trial court; therefore, being without authority to proceed further, it became its duty to dismiss the suit. See authorities cited by Judge Fisher in Western Union Tel. Co. v. Arnold, approved by the Supreme Court, reported in 97 Tex. 365, 77 S.W. 249, 79 S. W. 8; see page 368 of 97 Tex., 77 S.W. 249, for authorities cited by Judge Fisher, and page 376, of 97 Tex., 79 S.W. 8, for the approval by the Supreme Court. Also see City of Fort Worth v. Zane-Cetti (Tex. Com.App.) 29 S.W.(2d) 958, 962.

No attack, either by allegation or proof, is made by the plaintiff on any condition of the policy, nor is it contended that any of its terms were waived by defendant, the contention being that the court erred in sustaining the general demurrer and in dismissing her suit, insisting that the policy is ambiguous, in that, in mentioning the time within which the death of insured must result to fix liability, two periods are mentioned, one that death must result within 30 days from the date of the accident, and the other that death must result during the life of the policy; hence the court should have resolved the ambiguity in favor of plaintiff and overruled the demurrer.

We cannot adopt this view. We do not think the policy is ambiguous in the respect mentioned. While the period of time fixed (30 days) for the development of the result of the accident and injuries, seemingly is unreasonable, yet the provision is explicit that "the loss (death) shall result within 30 days from the date of the accident."

It is also insisted that it was not necessary, in order to show liability, that plaintiff allege that the automobile in which Mrs. Crowe was riding at the time was materially injured in the accident. The contract insured Mrs. Crowe "against the effects of bodily injuries caused directly, solely, and independently of all other causes by external, violent and accidental means * * * while riding within a private automobile," and adds "and only in case of an accident which shall materially injure the automobile."

We fail to see that the latter provision has any appreciable connection with the contingency insured against; obviously it is evidentiary and designed to establish as a fact presumptively that insured would suffer no injury, unless the automobile in which she was riding was itself materially injured in the accident. We think the provision irrelevant, confusing, and designed without reason to defeat recovery in a case where facts otherwise clearly show liability under the terms of the policy.

After leveling these and other similar criticisms, counsel for plaintiff argues that: "If this analysis of the policy is not correct then it is apparent that it is deliberately drawn with the intent to deceive. It is well known that the average person who buys an accident policy does not undertake to read and analyze every sentence it may contain, particularly the paragraphs contained in small letters. In this case the insurer undertakes in large black type which is printed on the back and is repeated

in the top of the policy to describe the nature of the insurance and apparently to tell all of the limitations upon it. If it is true that these words of general description, which are obviously intended to attract the eye and impress the purchaser, are in fact mere traps for the unwary, and that the intention was to hide out in the brush in small type, not likely to attract attention, limitations wholly different from those contained in the catch phrases of the policy, then indeed, we are confronted with an admitted attempt to defraud."

In thus criticizing the policy, counsel for plaintiff presents legislative rather than judicial problems. For obvious reasons, we think it quite true that purchasers of insurance do not trade at arm's length with companies selling insurance; however, courts cannot make or remake contracts for the parties. But the legislative branch of the government, recognizing this inequality and the opportunity it affords for imposition, could with great propriety protect the unwary by prohibiting the issuance of policies containing unreasonable or confusing provisions, or any provision without some reasonable bearing upon or connection with the contingency insured against.

For reasons stated, however, the judgment of the court below is affirmed.

Affirmed.