## Arthur Shelton, Appellant, v. The Equitable Life Assurance Society of the United States, Appellee.

### Gen. No. 48,064.

First District, Second Division.

January 24, 1961.

Rehearing denied February 14, 1961.

 

Robert Doyle and Sidney S. Altman, of Chicago, for appellant.

Miles G. Seeley and Adlai E. Stevenson III (Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of counsel) for appellee.

MR. JUSTICE FRIEND delivered the opinion of the court.

Plaintiff brought suit on a group accidental death and dismemberment policy, claiming benefits for loss of a leg in 1957, allegedly caused by injuries sustained in an automobile accident in 1952. Defendant answered that the loss of the leg in 1957 was not caused by the injuries in 1952 but by unrelated osteomyelitis; it further averred that in any event it had contracted no liability for this loss because in its policy it had agreed to pay only losses occurring within ninety days of causal injuries. The court sustained defendant's position and entered judgment in its favor on the pleadings, from which plaintiff appeals.

At the time of the accident in 1952 plaintiff was insured under a group accidental death and dismemberment policy issued by defendant to plaintiff's employer, A. L. Mechling Barge Lines Company. To certify that plaintiff was insured under the group policy as an employee, defendant on August 4, 1949 issued to plaintiff its certificate No. 107, a copy of which is attached to plaintiff's statement of claim. The provision of the group policy which is pertinent to this controversy reads as follows:

> "ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS. Upon receipt of due proof that any employee, while insured under this policy, shall have sustained bodily injuries caused directly and exclusively by external, violent and purely accidental means, and, within ninety days after such injuries, and as a result, directly and independently of all other causes, of such injuries, shall have sustained any of the losses enumerated in the Schedule of Losses set forth below, the Society will, subject to the limitations and provisions of this policy, pay to such employee, if living, otherwise to the beneficiary, an amount determined in accordance with said schedule."

Immediately following this provision is the "SCHEDULE OF LOSSES" which sets opposite various possible losses the amounts to be paid to the beneficiary. Immediately following such schedule is a provision entitled "LIMITATIONS" which provides that no payment shall be made under certain circumstances such as when the loss results directly, indirectly, wholly or partly, from bacterial infection, self-destruction, acts of war, or in consequence of having participated in a felony.

As the principal ground for reversal, plaintiff relies on section 356(1)(f) of the Illinois Insurance Code in force at the time the group policy contract was entered into in April 1949 (Ill. Rev. Stat. 1947, ch. 73, § 968), but subsequently repealed in 1951, prior to plaintiff's accident. It read as follows:

> "Form and Content of Policy.) (1) No such policy [accident and health policy] shall be so issued or delivered
>
> ". . .
>
> ". . . .
>
> "(f) unless the exceptions of the policy be printed with the same prominence as the benefits to which they apply. Any portion of such policy which purports, by reason of the circumstances under which a loss is incurred, to reduce any indemnity promised therein to any amount less than that provided for the same loss occurring under ordinary circumstances, shall be printed in bold face type and with greater prominence than any other portion of the text of the policy."

In effect, plaintiff argues that the ninety-day provision is an exception which is not printed with the required prominence and is therefore void; he also contends that the ninety-day provision is ambiguous and should therefore be construed against defendant, and that medical causation, not the language of the policy, should determine exclusively defendant's liability.

It is indisputable that the insurance policy sued on is a group policy. Defendant contends that section 356 of the Insurance Code is not applicable to group accident policies, and its counsel argue that if section 356 applied to these policies, all such policies in the State of Illinois would be illegal inasmuch as subsection (c)

provides that no policy of accident and health insurance shall be issued or delivered "if the policy purports to insure more than one person . . ."; that according to section 367 of the Code (Ill. Rev. Stat. 1947, ch. 73, § 979), group accident insurance policies, by definition, insured more than one person; that group accident policies are not illegal, since insurance companies authorized to write accident and health insurance were in 1949 expressly authorized, under subsection (2) of section 367, to issue group accident and health insurance policies, and are still so authorized under the same statutory provision. It appears that section 367 of the Code governed group accident and health insurance policies in 1949; then, as now, there was no requirement for the prominence of exceptions. Section 356, which plaintiff relies on and which was repealed in 1951, applied only to individual accident and health policies, not, as does section 367, to group accident and health insurance policies.

We find in the Code no requirement for the prominence of exceptions in group policies. As the court in Porter v. Continental Cas. Co., 277 Ill. App. 492, 499 (1934), stated: "The plain purpose of this section [requiring prominence of exceptions] is to compel insurance companies to fairly apprise the insured of all conditions in a policy that limit the beneficial provisions of the policy." In compliance with the provision of section 367, group policies are issued to corporations or other institutions and insure their employees or members; accordingly, the purpose of the statute could not have been to apprise employees insured under a group insurance policy of any policy conditions. The employee does not, as a rule, see the group policy but, as in the case at bar, is given an individual certificate evidencing and describing his insurance coverage.

465

■ Furthermore, we think the ninety-day provision complies with the small-type statutory requirement. The accidental death and dismemberment benefits are stated in a separate policy section entitled "ACCIDENTAL DEATH AND DISMEMBERMENT BENEFITS." It states that if the insured should sustain certain losses as a direct result of and "within ninety days after such injuries," the defendant would, upon due proof, make payment to the employee of an amount determined in accordance with the schedule. It seems a reasonable inference that any one reading this provision would readily see that the words "within ninety days" are an essential part of the statement of the policy coverage. The benefit provisions, including the exclusion of losses after ninety days, are set out in one sentence. The entire section, except for the title and the schedule of losses, is printed in one size of clear type. It would be impossible for anyone to determine the conditions under which the dismemberment and accidental death benefits accrue, without being aware of the ninety-day qualification. In Drogula v. Federal Life Ins. Co., 248 Mich. 645, 227 N. W. 692 (1929), a case in point, the court had under consideration the effect of a similar statute on an individual accident insurance policy, and held (pp. 692–693): "Inasmuch as this provision for indemnity [$1000.00 for the loss of either hand] incident to the loss of a hand is all embodied in one sentence, we think the form of printing is acceptable and substantially in accordance with the requirements of the statute." In Hill v. Standard Mut. Cas. Co., 110 F.2d 1001 (7th Cir. 1940), the court, considering the statute in question, said (pp. 1006–1007): ". . . the difference between the type in which the exclusion is asserted and the type in which the general liability is stated is but slight by comparison. We are satisfied that the Small Type statute is not offended, and that the size of the type was not intended to deceive." In

466

Illinois cases wherein it has been held that the insurer failed to comply, the "exception" was contained in an inconspicuous part of the policy, separate from the benefit provision, or under misleading or uninformative paragraph headings. Porter v. Continental Cas. Co., cited above; Mowery v. Washington Nat. Ins. Co., 289 Ill. App. 443, 7 N.E.2d 334 (1937). See also Custer v. Lincoln Nat. Life Ins. Co., 141 F.2d 144 (7th Cir. 1944). We find no cases in plaintiff's briefs holding that the same or a similar provision was not sufficiently prominent. Furthermore, the approval of the Department of Insurance of the form of the policy here involved, which was required by section 367 of the Code, is entitled to some weight. In the Drogula case, already cited, the policy there under consideration had been approved by the state insurance commissioner in accordance with the requirements of the Michigan insurance law. The court stated (p. 693) that such approval "should be somewhat persuasive of its [the policy's] compliance with the statute," citing Wisconsin cases. In Clark v. Federal Life Ins. Co., 193 N. C. 166, 136 S. E. 291 (1927), the court, with reference to the required statutory approval by the State insurance commissioner of a form of policy, said (p. 293) : "Such approval is not conclusive either upon the insured or upon the courts of this state; it is, however, entitled to great weight upon the contention that it [the policy] is unreasonable and against public policy." It is significant that the ninety-day provision does not reduce any indemnity; as the court in Hopkins v. Connecticut Gen. Life Ins. Co., 225 N. Y. 76, 121 N. E. 465, 468 (1918), observed with respect to a rider avoiding any liability if loss were caused by acts of belligerents in the then current European War: "The rider does not in any sense reduce an indemnity provided for in the policy. It speaks of a case in which the policy does not apply. It is simply a limitation of the risk."

It should be emphasized that the Legislature in 1951 repealed section 356 and enacted section 356a. This amendatory section, like its predecessor, is applicable only to individual policies. However, it adopts a rule of law already evolved in the courts that "exceptions" stated in an insuring provision are either not "exceptions" within the meaning of the statute or are "exceptions" which comply with the statute, and section 356a states that "exceptions and reductions of indemnity" are stated with sufficient prominence if "included with the benefit provision to which they apply, . . ." (Ill. Rev. Stat. 1959, ch. 73 § 968a.)

Finally, it will be noted that the statute relied on by plaintiff requires "exceptions" to be printed with the same prominence as the benefits to which the exceptions apply. But the "within ninety days" requirement is not an "exception." There are no benefits to which it can be an exception because defendant promised to pay benefits only for losses which occurred within ninety days; or, putting it another way, the "within ninety days" provision, by excluding a risk, describes the coverage, not exceptions to the benefits. This conclusion is supported in Kirkby v. Fed. Life Ins. Co., 35 F.2d 126 (6th Cir. 1929), where the court pertinently observed (p. 129): "In our view the contract carries no suggestion of exceptions or provisos. It does not purport to reduce any promised indemnity. It contains nothing obscure or doubtful. Its terms taken in their plain, ordinary, and popular sense are easily understood and leave nothing for interpretation by the court." The foregoing quotation and holding also support defendant's contention that the ninety-day provision is not ambiguous, as plaintiff claims. See also Bergholm v. Peoria Life Ins. Co., 284 U. S. 489 (1932); Williams v. Union Cent. Co., 291 U. S. 170 (1934).

■ Plaintiff argues in effect that the ninety-day provision should be ignored so that justice can be served. We know of no public policy justification for ignoring the language of a contract in order to impose liability on a defendant insurer for a loss not contemplated by the contract. The ninety-day period provision allows a reasonable time for the manifestation of losses caused by accidental injury. Moreover, defendant contracted to pay only for losses occurring within ninety days after injury.

For the foregoing reasons, we think the court properly construed the provisions of the policy and defendant's liability thereunder, and therefore the judgment of the Municipal Court is affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.