**Kathleen G. DOUGLAS, Appellant,**

v.

**SOUTHWESTERN LIFE INSURANCE COMPANY, Appellee.**

No. 8.

Court of Civil Appeals of Texas.

Tyler.

Jan. 23, 1964.

Rehearing Denied Feb. 6, 1964.

David M. Kendall, Jr., Woodruff, Hill, Bader & Kendall, Wise & Stuhl, Dallas, for appellant.

Swift, Walsh, McCarroll & Wood, Dallas, for appellee.

MOORE, Justice.

This suit was brought by appellant against appellee to recover accidental death benefits under supplementary contracts attached to and made a part of two policies of insurance issued by appellee, Southwestern Life Insurance Company, upon the life of appellant's husband, Sterling B. Douglas.

The two policies, one in the amount of $50,000.00 and the other in the amount of $40,000.00, were issued to Sterling B. Douglas in December, 1958 and May, 1960, respectively. To each of these policies was attached what is denominated as a supplementary contract captioned "Benefit for Death by Accidental Means". Among other provisions under this caption the supplementary contract contains this provision:

> "BENEFIT. The Company hereby agrees, subject to the terms and conditions of this contract, that it will pay to the beneficiary designated in the policy Fifty Thousand Dollars in addition to the amount payable under the terms of the policy if it receives due written proof that while this contract was in force the death of the Insured resulted directly from bodily injuries effected exclusively and independently of all other causes through external, violent and accidental means and within 90 days from the date of accident which caused such injuries, of which, other than in the case of drowning or internal injuries revealed by an autopsy, there is a visible contusion or wound on the exterior of the body, provided such death did not result from any of the risks which are expressly excluded herefrom."

The language is identical in both contracts sued upon except in one the amount is $50,000 and in the other $40,000.

The facts, about which there is no dispute, show that the named insured, Sterling B. Douglas, was involved in an automobile accident on June 4, 1961, in which he received serious and fatal injuries. Immediately upon being admitted to the hospital, he underwent surgery and was operated upon again twice in June, and once in August and September. He was in critical condition down to the date of his death. His physician, during most of the course of his hospitalization, considered it unlikely that he could survive. It was only because of the extraordinary medical measures taken by the medical staff that caused him to live as long as he did and had these measures not been taken he would have probably died within 90 days after the date of the accident. He died on October 2, 1961. This was 120 days after the accident in which he received fatal injuries causing his death. Within 90 days of the date of the accident the agent of the Company was notified and was told by the doctor and Mrs. Douglas that the insured would not and could not survive his injuries.

Appellee paid appellant as beneficiary the ordinary death benefits provided by the insurance policies but denied liability for accidental death benefits under the supplementary contracts on the ground that the death of the insured within 90 days from the date of the accident was a condition precedent to any liability of appellee under the supplementary contracts. This suit followed, and both parties moved for a summary judgment. The court below denied appellant's motion and sustained appellee's motion, and it is from this action that the appellant makes this appeal.

In her first point, appellant contends that the Trial Court was in error in construing the above-quoted portion of the supplementary contract to require, as a condition precedent to recovery, that death of the insured occurred within 90 days of the accident. By her second point, she contends that the Trial Court was in error in failing to construe the provision in the supplementary contract to require only that proof of loss be filed within 90 days of the date of the injury.

■ In construing the terms and conditions of the supplementary contract, and

particularly the above-quoted provision, we have concluded that as a condition precedent to recovery, appellant had the burden of showing that the death of the insured occurred within 90 days from the date of the accident. The contention that the meaning of the above provision requires only that due written proof of loss be filed within 90 days of the date of the accident is untenable and cannot be sustained.

 This is a suit upon a written contract of insurance and in order for the appellant to recover she must bring herself within the coverage provided for in the contract. To construe the contract as not requiring death to occur within 90 days after the date of the accident would be to ignore the plain words of the policy. Until the conditions prescribed by the terms of the policy had been met there was no obligation on the part of the appellee. Burns v. American National Ins. Co., Tex.Com.App., 280 S.W. 762.

The policy did not, as contended by appellant, provide for payment by reason of accidental death regardless of the date of death. Rather, the policy limited the payment of accidental death benefits to those that occurred within a 90-day period after the injury that caused death. As we construe the contract, appellee promised payment of accidental death benefits if and only if the death of the insured resulted within 90 days of the accidental injury.

What was said in Crowe v. North American Accident Ins. Co., Tex.Civ.App., 96 S.W.2d 670, writ dismissed, applies with equal force here.

"The doctrine announced in 1 C.J. 469, § 179, which seems to be well supported by the authorities, is that: 'The standard accident policies, in addition to the provision for indemnifying the insured, against the results of accidental injuries, generally provide for the payment of a certain sum in the event of his death being caused by accident, provided death occurs within a specified time (usually 90 days) after the occurrence of the accident; and provisions so limiting the time within which death must occur to render the insurer liable, have been held to be valid and binding, and there can be no recovery for the death of the insured if it occurs more than the prescribed time after the accident, although within the terms of the policy.' To the same effect see: Cooley's Briefs on Insurance (2d Ed.) vol. 6, p. 5272; Brown v. United States Cas. Co. (C.C.9) 95 F. 935; Kerns v. Aetna Life Ins. Co. (C.C.A.8) 291 F. 289; Buford v. North American Acc. Ins. Co. (C.C.A.5) 3 F.(2d) 263; Barnett v. Travelers' Ins. Co. (C.C.A.8) 32 F.(2d) 479; Walters v. Western & So. Life Ins. Co., 318 Pa. 382, 178 A. 499; Thompson v. Iowa State Trav. Men's Ass'n, 179 Iowa, 603, 161 N.W. 655; Drinan v. Clover Leaf Casualty Co., 207 Mich. 677, 175 N.W. 176; Tuttle v. Pacific Mutual Life Ins. Co., 58 Mont. 121, 190 P. 993, 16 A.L.R. 601."

Accord: Mullins v. National Casualty Company, 273 Ky. 686, 117 S.W.2d 928, 118 A.L.R. 331; 118 A.L.R. 334; 29A American Jurisprudence, para. 1163, at p. 308.

The uncontroverted facts show that the accidental injury causing the death of the insured occurred on June 4, 1961, but that the insured did not die until October 2, 1961, approximately 120 days after the accidental injury.

Appellant's points one and two are accordingly overruled.

By her points three, four, five and six, appellant takes the alternative position that the provisions of the supplementary contract, and especially the above-quoted provision, is ambiguous thereby calling into play the rule of strong construction against the author of the policy. Appellant argues that the above-quoted provision is reasonably susceptible of three separate meanings. (1) That the company will pay the additional benefits if it receives due written proof within 90 days from the date of the

accident showing an accidental death; or (2) that the company would make payment on the policy within 90 days; or (3) that it means that as one of the conditions of a recovery that within 90 days from the day of the accident there must be visible contusion or wounds on the exterior of the body.

If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. The converse of this is that a contract is ambiguous only when the application of pertinent rules of interpretation to the fact of the instrument leaves it genuinely uncertain which one of the two meanings is the proper meaning. Universal C. I. T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154. Where there is no doubt or there is insufficient doubt in the meaning of words to enable reasonable men to place more than one interpretation on this meaning, the courts will not presume the right to construe written contracts. Stated in another way, if there is no ambiguity in the provisions of the contract, there is no occasion for resorting to the well-known rules of construction. Those provisions in insurance policies which are clearly and definitely set forth in appropriate language and upon which the calculation of the company is based should be preserved and maintained unimpaired by loose and ill-considered interpretations. United States Fire Insurance Co. of New York v. Rothwell, Tex.Com.App., 60 S.W.2d 759; Williams v. Union Central Life Insurance Co., 291 U.S. 170, 54 S.Ct. 348, 78 L.Ed. 711, 92 A.L.R. 693.

A careful analysis of the provision under attack will reveal that the provision is not subject to any one of the constructions advanced by appellant. The contract provides that "The Company hereby agrees, subject to the terms and conditions of this contract, that it will pay to the beneficiary * * * Fifty Thousand Dollars in addition to the amount payable under the terms of the policy," provided the five following conditions are met: (1) if it receives due written proof; (2) that while the contract was in force the death of the insured resulted directly from bodily injuries effected exclusively and independently of all other causes through external, violent and accidental means; (3) and within 90 days from the date of the accident which caused such injuries; (4) of which, other than in the case of drowning or internal injuries revealed by autopsy, there is a visible contusion or wound on the exterior of the body; (5) provided death did not result from any of the risks which are expressly excluded herefrom.

Appellant further urges that since the policy did not expressly exclude a death occurring more than 90 days after the accident under the "RISKS EXCLUDED" clause, the attempted limitation under the "BENEFITS" clause of death within 90 days creates an ambiguity and therefore such limitation should be construed against the company, or be construed to mean only that proof of loss was required to be furnished within 90 days.

In answer to appellant's argument on this point, as we construe the policy, the only benefits promised under the supplementary contract are for those losses occurring within 90 days. The "within 90 days" provision excludes all risks after the expiration of 90 days. There is no reason for an exclusion to a risk which has been specifically excluded by the terms of the policy and therefore the failure to list same under the exclusion clause would not create an ambiguity. Shelton v. Equitable Life Assurance Society, 28 Ill.App.2d 461, 171 N.E. 2d 787.

To construe the provision as requiring only the proofs of loss to be filed within 90 days, as contended by appellant, would be to say that the parties to the contract intended to disregard the provisions of Article 5546, Vernon's Ann.Civ.Stat., prohibiting a stipulation for time of filing proof of loss to less than 90 days. The court will adopt

that construction which conforms to the requirements of the law, rather than a construction which will impute to the parties an intent to violate the law. First Texas Prudential Ins. Co. v. Sorley, Tex.Civ.App., 272 S.W. 346, 351; American National Ins. Co. v. Ingle, Tex.Civ.App., 129 S.W.2d 426, affirmed 137 Tex. 189, 152 S.W.2d 1098, 135 A.L.R. 1325.

From what has been said, it is our opinion that the above-quoted provision is reasonably susceptible to only one meaning and that is, that as a condition precedent to recovery it must be shown that death occurred within 90 days after the accidental injury, and that since there is no ambiguity, there is no occasion for this court to resort to the various rules of construction as urged by the appellant.

Points three, four, five and six are overruled.

Under points seven and eight, appellant says that in view of the serious injuries and resulting condition of the insured, and in view of the fact that evidence of the attending physician shows that the deceased would have died within 90 days from the date of the receipt of injury had he not been kept alive by the extraordinary medical measure, the company ought not to be able to escape liability only because his life was prolonged. Appellant further argues that since "death" was not defined in the policy, that "death" should be construed to mean "the act of dying" and since the insured was in "the act of dying" within 90 days, such would substantially comply with the requirement or would at least create a question of fact. We know of no authority for either of these propositions and appellant cites none. Death is not an ambiguous term, and there is no room for construction. Stead v. Department of Labor and Industries, 188 Wash. 171, 61 P.2d 1307. Death has been defined as the termination of life; and as the state or condition of being dead. Sanger v. Butler, 45 Tex.Civ.App. 527, 101 S.W. 459; 25 C.J.S. Death § 1, p. 1052, para. 1.

Appellant admits, and all of the evidence shows, that death did not actually occur until approximately 120 days after the accident.

Appellant's points seven and eight are overruled.

By her points nine and ten, appellant urges that the supplementary contract is void and unenforceable because she alleges that the provision requiring death to occur within 90 days after the accident is unreasonable and is in violation of public policy of the State of Texas.

The rule announced in Crowe v. North American Accident Insurance Co., quoted above, and the authorities cited there, is direct authority against the appellant's contention. Insofar as we have been able to ascertain, the rule announced there has never been questioned in this state. Alamo Health & Accident Ins. Co. v. Cardwell, Tex.Civ.App., 67 S.W.2d 337; Herold v. Aetna Life Insurance Company, Tex.Civ. App., 77 S.W.2d 1060; Universal Life & Accident Insurance Co. v. Beaty, Tex.Civ. App., 177 S.W.2d 244; American Casualty & Life Company v. McCuistion, Tex. Civ.App., 202 S.W.2d 474; Commonwealth Casualty & Insurance Co. v. Laurence, Tex. Civ.App., 223 S.W.2d 337.

The argument that the requirement of death within 90 days is violative of public policy because it would tend to encourage the beneficiary to deny the insured medical treatment in order to cause death within the ninety-day period is unsound, and we therefore decline to follow it. Mullins v. National Casualty Co., supra, citing cases.

If the contract does not violate public policy or some statutory prohibition, the parties to an insurance contract have the right to stipulate such terms and conditions as will meet the desires of the parties. Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668, 669 (Sup.Ct.).

As we interpret the desires of the parties to this contract, the company did not desire

to sell, nor did it sell, protection from loss occurring more than 90 days after an accidental injury and the insured did not desire to buy, nor did he buy, protection from a loss occurring more than 90 days after an accidental injury. Obviously, the line between death caused by accident and death as a result of natural causes must be drawn somewhere. The ninety-day period provision was the period of time agreed upon by the parties as a reasonable time for the manifestation of losses caused by accidental injury. Under the authorities cited herein, such would not be in contravention of public policy.

For the reasons stated herein, we think the Trial Court correctly granted the motion for summary judgment.

Judgment affirmed.