Fred ALVARADO, Appellant,

v.

PILOT LIFE INSURANCE CO., Appellee.

No. 2–83–048–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 15, 1983.

Rehearing Denied Jan. 19, 1984.

David Parker, Fort Worth, for appellant.

John D. Crawford, Dallas, for appellee.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

JORDAN, Justice.

Summary judgment was rendered in the trial court for appellee in a suit by appellant on an accidental death and dismemberment policy issued by Pilot Life Insurance Company to appellant. The appeal is based on three points of error.

We affirm.

Prior to November 3, 1979, Pilot Life had issued to Alvarado an accidental death and dismemberment policy in the amount of $25,000.00, which provided for payment of one-half the proceeds ($12,500.00) in the event the insured suffered loss of a member by accident caused solely by external, violent, and accidental means, within ninety (90) days after the date of the accident. Under the terms of the policy, loss of a member means (a) *loss of a foot by severance at or above the ankle.* (Emphasis added).

During the evening of November 3, 1979, appellant shot himself in the left ankle and foot with a .44 magnum pistol and was admitted to a hospital in Fort Worth. He suffered severe injuries to the left ankle and foot, and on April 1, 1981, his left leg was surgically amputated below the knee.

Pilot Life moved for summary judgment on the grounds that as a matter of law appellant's loss was not covered by the policy because he did not suffer a loss of a foot by severance at or above the ankle within ninety (90) days after the date of the occurrence of November 3, 1979.

The trial court, without stating reasons, found that Pilot Life was entitled to summary judgment and accordingly granted a take nothing judgment against Alvarado.

In three points of error appellant, in his original brief, says the trial court erred because it found "that the contested phrase of the insurance policy" (interpretation of the word "severance") is not ambiguous as a matter of law, because the court found that appellant did not suffer a severance at the time of the injury on November 3, 1979,

and because the court found that the contested clause in the policy is not void as a matter of public policy. In a supplemental brief he argues, in a fourth point of error, simply that the trial court erred in granting summary judgment.

Since this was a summary judgment case, the trial court actually made no findings of fact as such. It simply found that appellee was entitled to summary judgment as a matter of law. It impliedly found as a matter of law that under the summary judgment proof presented, Alvarado's loss of his left foot did not come within the terms and provisions of the insurance policy and was therefore not covered thereby.

Appellant's primary argument is that the term "severance" as used in this policy is ambiguous, that accordingly the term should be strictly construed against the insurer, and that there were fact issues as to whether or not appellant did suffer a severance of his left foot at the time of the injury or at least within ninety (90) days of the occurrence of November 3, 1979. He cites in support of this proposition the Arkansas case of *Reliance Ins. Co. v. Kinman*, 252 Ark. 1168, 483 S.W.2d 166 (1972), which held that the term "severance" in the policy there involved was ambiguous. We find *Kinman* to be distinguishable from the case at bar because the injury involved in that case was entirely different than the one in this case. In *Kinman* the facts indicated that at the time of the injury Kinman's leg was connected to his body only by the sciatic nerve, some muscle tissue and skin and that the doctors could not and did not amputate his leg for some eighteen months because they feared amputation might cause his death. We do not think *Kinman* is applicable to the facts in this case before us and decline to follow it.

■ We hold that the term "severance" as used in this insurance policy is not ambiguous. According to Webster's Third International Dictionary, published in 1981, the word "severance" means the act or process of severing, the state of being severed; "sever" means to separate, to put asunder, to cut in two, to sunder, to cleave,

to disunite, disconnect, or divide into independent parts. The policy plainly provided for payment of benefits upon "loss of a foot by severance at or above the ankle." In a case involving a very similar policy provision and definition of "severance", the Second Circuit held that such a provision "unequivocally states that coverage is limited to cases where the foot is actually amputated within ninety days." *Cornellier v. American Casualty Co.*, 389 F.2d 641, 643 (2d Cir.1968). We believe this interpretation to be correct and applicable to the case before us.

■ Under the summary judgment proof in this case, which consisted primarily of appellant's affidavit and the affidavit of a treating physician, and under the plain meaning of the term "severance", there was no material fact issue raised to show that, in fact, Alvarado's left foot was severed within ninety (90) days of the occurrence of November 3, 1979. The summary judgment proof shows, to the contrary, that the foot was severed by amputation on April 1, 1981.

■ In his second point of error, appellant argues that because there was evidence that he had suffered loss of the functional use of his left foot at and from the time of the injury, that there was evidence of a "severance" at the time of injury. He insists that loss of use of the foot is the same as severance. We do not agree for the reasons stated above. The policy did not insure against total functional loss of use of the leg or foot; it insured against loss of the foot by severance at or above the ankle. Appellant wants this court to rewrite his contract of insurance, and this we cannot do.

■ The trial court did not find, as Alvarado insists, that the insurance policy was not void as a matter of public policy. In a summary judgment case the court does not make findings of fact; if there were facts to be found, summary judgment would be improper. However, we hold that the policy and the contested clause here involved is not against public policy. *Crowe v. North*

*American Acc. Ins. Co.,* 96 S.W.2d 670 (Tex. Civ.App.—Dallas 1936, writ dism'd).

All of appellant's points of error are overruled and the judgment is affirmed.